CHARLES BARTLETT *vs.* ELIZABETH BARTLETT.

When a libel for desertion has been dismissed generally for insufficiency of proof, the libellant cannot maintain a subsequent libel for an adultery that was known to him when the first was brought, without showing a reason for its non-allegation then.

LIBEL by a husband for a divorce for the cause of adultery. At the trial the adultery was proved.

It further appeared that after the adultery had been committed, the libellant, with full knowledge of it, had brought a libel for divorce, alleging as the only cause therefor desertion for five years. Upon that libel the libellee defended, and upon the hearing the libellant proposed to sustain his libel by proof that he had separated from and had left his wife on account of her miscon-

duct. Upon that statement the libel was dismissed with costs, and this libel was filed.

*Wells*, J., being doubtful whether the former proceedings ought not to preclude the libellant from maintaining this libel upon any ground that was a known existing cause for divorce when the former libel was filed, reported the question for the decision of the full court. A decree was to be entered in accordance with the decision upon this question.

*C. Cowley*, for the libellant.

No appearance for the libellee.

GRAY, C. J. The question presented by this report is whether a husband who has sued for a divorce for desertion, and, failing to prove the cause assigned, has had his libel dismissed generally, can afterwards sue for and obtain a divorce for the cause of adultery, committed and known to him before the filing of the first libel, and which he shows no reason for not having then assigned as a ground of divorce.

The court is of opinion that he cannot. Good faith and justice required the husband, if he intended at any future time to rely on the graver charge, to suggest the fact before his first libel was dismissed, so that the court might, if thought consistent with the interests of the parties and of the public, order the dismissal to be without prejudice to a subsequent libel, and the libellee might take measures to preserve any evidence material to her defence. The husband, not having done this, or shown any reason for not doing it, must be deemed to have waived any right to a divorce depending exclusively upon facts existing and known to him at the time of his first application to the court. If he had discovered any new evidence, or the wife appeared to have been guilty of any misconduct, since the dismissal of the first libel, the case would have stood in a different position. *Mortimer* v. *Mortimer*, 2 Hagg. Consist. 310. *Green* v. *Green*, L. R. 3 P. & D. 121. *Williamson* v. *Williamson*, 1 Johns. Ch. 488. *Vance* v. *Vance*, 17 Maine, 203. *Clement* v. *Kimball*, 98 Mass. 535. *Edgerly* v. *Edgerly*, 112 Mass. 53.                              *Libel dismissed.*