JOHN F. VIERTEL, Respondent, v. ELIZABETH VIERTEL, Appellant.

Kansas City Court of Appeals, May 11, 1903.

1. **Appellate Practice: APPEALS: AFFIDAVIT.** Where there is a clerical error in dating an affidavit for appeal, the appellate court may allow the same to be corrected.

2. **Divorce: ADULTERY: CONNIVANCE: RES ADJUDICATA.** The husband brought divorce on the ground of adultery with D. His bill was dismissed on the ground of his connivance. *Held,* such connivance would not be a complete bar to a subsequent bill for adultery with C. committed after the dismissal, or for adultery with P. committed prior to the former suit of which the husband had no knowledge at that time, but such judgment of dismissal bars an action for adultery with P., since it might have been raised and litigated in the former action.

3. ———: **APPEALS: ALIMONY: APPELLATE PRACTICE.** Where the wife appeals and the trial court refuses to allow her alimony to prosecute her appeal, the appellate court has jurisdiction to adjudge such alimony, which is done in the opinion.

Viertel v. Viertel.

Appeal from Cooper Circuit Court.—*Hon. James E. Hazell,* Judge.

AFFIRMED *si.*

*L. E. Durham* and *W. O. Thomas* for appellant.

(1) All causes for divorce existing at the time of the first suit should be excluded from this action, unless it expressly appears that such causes were unknown to plaintiff at that time. Donnell v. Wright, 147 Mo. 639; Waggoner v. Waggoner, 76 Md. 311; Morrison v. Morrison, 142 Mass. 361; Henderson v. Henderson, 3 Hare 115; Beloit v. Morgan, 7 Wall. 662. (2) The evidence is insufficient to sustain the finding of adultery with Chris Parker. The appellate court should review all the evidence and render such judgment as trial court should have awarded. Clark v. Clark, 48 Mo. App. 157; Grove v. Grove, 79 Mo. App. 142; Penningroth v. Penningroth, 72 Mo. App. 329. (3) Proof only of indignities set out in the petition, and no others, should be admitted and considered as grounds for divorce. Bowers v. Bowers, 19 Mo. 351; Endsley v. Endsley, 89 Mo. App. 600. (4) Connivance at one adultery is a bar to action for divorce based on subsequent adultery. 2 Bishop on Divorce (4 Ed.), p. 116; Hedden v. Hedden, 21 N. J. Eq. 61, 70; Morrison v. Morrison, 142 Mass. 361; Gipps v. Gipps, 3 Sw. & Tr., 116, 11 H. L. Cas. 1; Stone v. Stone, 3 Notes of Cases 278, 1 Rob. Eccl. 99; Rogers v. Rogers, 3 Hagg. Eccl. 57. Our courts follow the rulings of the ecclesiastical courts. State ex rel. v. St. Louis Ct. App., 99 Mo. 222. (5) Defendant should be allowed alimony for support of herself and child during the pending of this case and for costs of appeal. Adams v. Adams, 49 Mo. App. 592; Lawlor v. Lawlor, 76 Mo. App. 293; Mahn v. Mahn, 70 Mo. App. 337; Penningroth v. Penningroth, 71 Mo. App. 438; Grove v. Grove, 79 Mo. App. 142; Penningroth v. Penningroth, 72 Mo. App. 329.

*John & J. W. Cosgrove* for respondent.

(1)   This court can not review the judgment of the lower court because no affidavit for appeal was made and filed praying for an appeal from the judgment rendered.   The affidavit for an appeal must ask for an appeal from judgment then existing.   R. S. 1899, secs. 808 and 809; 2 Enc. of Pleading and Practice, p. 234, sec. 4; Thomas v. Thomas, 64 Mo. 353; Scott v. Scott, 44 Mo. App. 603, l. c.; Walter v. Scofield, 167 Mo. 537. (2)   Where the record does not show that appellant has filed an affidavit for an appeal, as required by statute, the appeal will be dismissed.   Clelland & Co. v. Shaw, 51 Mo. 440; State ex rel. v. Kenchler, 83 Mo. 196.   (3)   An appeal can not be taken until there is a final judgment from which to appeal.   McVey v. Barker, 92 Mo. App. 498; Schnabel v. Thomas, 92 Mo. App. 180; Thomas v. Ins. Co., 89 Mo. App. 12; State ex rel. v. Woodson, 128 N. W. 497; Peters v. Edge, 87 Mo. App. 283; 1 Encyclopedia of Pleadings and Practice, p. 310; Miller v. Munson, 34 Wis. 579.   (4)   This court will not review the action of the trial court in refusing to allow the defendant suit money pending an appeal to this court, even if an appeal had been taken, because there was no motion for a new trial made or filed, and for that reason there is nothing for the court to review on that branch of the case.   Deidesheimer v. Deidesheimer, 74 Mo. App. 234; 1 Nelson on Marriage and Divorce, p. 202, secs. 149, 152.   (5)   This court will defer to the findings of the trial court and indulge in the presumption that the rulings of the trial court are correct.   Davis v. Davis, 60 Mo. App. 545; Clarke v. Clarke, 48 Mo. App. 157; Rawhide Co. v. Hill, 72 Mo. App. 142.   (6)   The defendant's able and numerous counsel (numbering six in all) in legal effect admit that the defendant has committed adultery with at least two men but say that plaintiff can not obtain a divorce because he has been adjudged to have connived at de-

fendant's adultery with Derrindinger.   That defendant can live in open and notorious adultery with one or more men as may please her depraved inclinations and plaintiff is without remedy in the courts of the land. 1 Nelson on Marriage and Divorce, secs. 486, 487, p. 479.

BROADDUS, J.—The plaintiff has moved to dismiss the appeal herein on the ground that a proper affidavit was not made authorizing the appeal.   The record shows that the judgment appealed from was rendered on June 7, 1902, but the affidavit for appeal is dated June 5, two days prior thereto.   The defendant insists that in fact the affidavit was made after rendition of judgment and that the dating of the same on June 5 was a clerical error; and to support this insistence, has filed the affidavit of the attorney who wrote it, and the affidavit of the notary public who swore the affiant, that it was made after the judgment was rendered.   These affidavits stand uncontradicted.   Defendant asks that the error be corrected as it was merely clerical.   The court finding this to be the fact allows defendant to correct such error, this being the practice.   Cooley v. Railway, 149 Mo. 487, and cases there cited.   The motion of the plaintiff—respondent here—to dismiss the appeal is therefore overruled.

The suit is for divorce and was commenced on the 9th day of November, 1901.   The allegations in the petition are, that the defendant had been guilty of such indignities and unbecoming conduct as to render plaintiff's condition intolerable; and that she had committed adultery at various times and places during and since July 1, 1900, with one Evelyn Coonfare; and with one Chris Parker in the year 1897.   The answer admitted the marriage, but denied all the other averments of the petition.   Defendant also pleaded a judgment of the circuit court and of this court between the parties as a bar to plaintiff's right to recover.

The evidence went to show that the defendant had committed both the acts of adultery charged, and there was also some evidence tending to prove the charge of indignities and unbecoming conduct. The defendant put in evidence the judgment of the former suit just mentioned, which is reported in 86 Mo. App. 494. The court found defendant had been guilty of the charges of adultery; that she had referred to plaintiff on the streets of Boonville by calling him a vile and opprobrious name; and that she had spoken of him and of his father and mother with contempt and in a vulgar and coarse manner. The court thereupon granted plaintiff a decree of divorce with the care and custody of the minor child named Paul.

It is an admitted fact that the former suit reported in 86 Mo. App. supra, was founded upon a charge of adultery committed by defendant at various times during the years 1898 and 1899 with one Derrindenger. Subsequent to the charge of adultery in this case with Parker, but prior to the charge of adultery with said Coonfare. The former suit was dismissed by the trial court and the judgment was affirmed here. This court there held that the acts charged to have been committed by the defendant were connived at by the plaintiff.

It is contended by defendant that as the act of adultery charged to have been committed with said Coonfare occurred since the one charged to have been committed with said Derrindenger, and the court having found that plaintiff connived at the latter, he was precluded under the law ever thereafter of obtaining a divorce for the same cause. "A husband who connives at one act of adultery by his wife can not complain of any subsequent act with the same or another *particeps criminis*." 2 Bishop on Mar. and Divorce, p. 116. "A husband who connives at or assents to adultery by his wife with one person will be deemed as assenting to it with others, and will not be entitled to a divorce

for subsequent act of adultery with a different person.'' Hedden v. Hedden, 21 N. J. Eq. 61.

In Woodward v. Woodward, 41 N. J. Rep. 224, the rule as stated in 1 Pomeroy on Eq. Juris., sec. 399, was adopted, viz.: "The iniquity which deprives a suitor of a right to justice in a court of equity, is not general iniquitous conduct unconnected with the act of defendant which the complaining party states as his ground or cause of action, but it must be evil practice or wrongful conduct in the particular matter or transaction in respect to which judicial protection or redress is sought." Although the court recognized the rule in Hedden v. Hedden, supra, the application of the rule as stated by Mr. Pomeroy, supra, shows that the court had some misgivings on the question. Mr. Nelson in his work on Divorce and Separation, sec. 486 (vol. 1), has this to say: "It is doubtful whether these rulings will be followed by modern courts, for it deprives the husband of the right of repentance and reform, and leaves the wife to commit adultery without fear of divorce."

It is a very harsh rule, to say the least about it, and the only theory upon which it can be supported is that a husband who consents to an act of adultery of his wife has fallen so low in his moral nature as to be forever unable to repent and reform. And it must be admitted that the degradation of such a man is profound. Yet, there are other conditions in which he may be found equally deplorable. Still, it ought not to be the policy of the law to cut off the husband from all inducement to reform; nor, as it were, to license the wife to continue her shameful practices freed from all restraint. And the rule of equity, that when a litigant comes into court it must be with clean hands, refers only to the matter to be litigated and no other, should be also applied to cases of this character.

We feel constrained for these reasons to hold that plaintiff is not debarred from asserting his right to a

Viertel v. Viertel.

divorce on account of the defendant's adulterous con-
duct with said Coonfare, notwithstanding it occurred
since the former suit in which it was held he had con-
nived in her adultery with said Derrindenger, it not
appearing that he in any way was *particeps criminis*.
And it may be said that such connivance by the hus-
band of an act of adultery committed by the wife with
one person, on the ground of which a bill for divorce
was filed by him has been dismissed, is not an absolute
bar to a divorce for a prior act of adultery committed
by her with another person and not known to the hus-
band at the time he brought his former suit. Morri-
son v. Morrison, 142 Mass. 361; Bishop on Mar. and
Div., p. 116.

But the defendant's contention is that the evidence
does not support the charge of the former act of adul-
tery. The trial court, however, found that it did, and
we must confess that the evidence was rather convinc-
ing to that effect. No one can read the opinion in the
former case, and evidence here, without being thor-
oughly convinced that the defendant was at all times
during her history, as so disclosed, almost wholly in-
sensible to her duties as a wife, and shamelessly reck-
less in her conduct with other men. Taking into con-
sideration her almost open adultery with Derrindenger
and Coonfare, and the strong circumstantial evidence
of her connection with Parker, the conclusion is very
persuasive that her criminal act with Derrindenger was
not the first.

The court found that plaintiff at the time he
brought his first suit was unaware of the former in-
fidelity. We have examined the testimony and it does
not appear that any evidence was offered to show such
fact. The plaintiff himself failed to state whether or
not he was in possession at said time of any knowledge
of such prior adultery. It devolved on him to prove
that at the time he brought his said former suit for di-
vorce he included his whole case, and he will not be

permitted to open up the same subject of litigation in respect to matters which might so have been brought forward. "All the issues that might have been raised and litigated in any case are as completely barred by the final decree therein as if they had been directly adjudicated and included in the verdict." Donnell v. Wright, 147 Mo. 639. Under the rule the plaintiff was not entitled to a decree against his wife for the alleged act of adultery with said Parker, as it was a matter for litigation in said former suit.

The defendant asked the trial court for alimony to prosecute her appeal, which was denied. She renews her claim in this court. There is no doubt about the power of an appellate court to adjudge alimony. State ex rel. Dawson v. St. Louis Court of Appeals, 99 Mo. 216. Defendant's appeal, though unsuccessful, seems to have been taken in good faith; and, as we have seen, not entirely without merit. And such being the case we believe she ought to be allowed a reasonable sum to compensate her for her outlay for attorneys' fees and other costs. It is therefore adjudged that plaintiff pay to the clerk of this court the sum of two hundred dollars within twenty days to the use of the defendant herein. Upon plaintiff's compliance with this order the cause will stand affirmed. All concur.