Macedo v. Macedo, 22 Haw. 429.

## MANUEL MACEDO, JR., v. CHRISTINA MACEDO.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

HON. C. W. ASHFORD, JUDGE.

ARGUED JANUARY 4, 1915.                    DECIDED JANUARY 14, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

DIVORCE—*separate grounds for, separate causes of action.*
    Separate statutory grounds for divorce constitute separate causes of action, and a libellant is not bound to allege or disclose every known existing ground for divorce in one suit under penalty of being foreclosed thereafter from setting up any ground not so alleged or disclosed.

SAME—*res judicata—burden of proof.*
    Where the ground for divorce set up in a second suit is the same as that which was alleged in a former suit between parties, though based on different facts, but no new facts occurring subsequent to the first case are averred, the former decree is conclusive unless it be shown that the party was ignorant of the existence of the facts at the time of the first trial. But if new grounds for divorce are set up in the second suit the decree in the former suit will not operate as a bar except as to such matters as were therein actually decided, and where the record in the former suit does not disclose upon what ground the decree rested the burden is upon the party asserting the estoppel to prove that the fact or matter relied on was litigated and determined in that suit.

SAME—*decree dismissing libel for divorce—ground of dismissal uncertain.*
    In a case where it is uncertain upon which of several grounds of defense a decree dismissing a libel for divorce rested, the decree, notwithstanding the uncertainty, will operate as an estoppel in a subsequent suit brought by the libellant on the same facts, where it is immaterial upon which ground the former decree was based.

OPINION OF THE COURT BY ROBERTSON, C. J.

On June 27, 1914, the libellant, Manuel Macedo, Jr., instituted against his wife a suit for divorce from the bond of matrimony in the circuit court of the first circuit, at chambers, charging her with having wilfully and utterly deserted him

from and since the 25th day of April, 1913. The libellee filed an answer and cross-libel. In her answer she admitted that she had left her husband at or about the time alleged, and averred that she was compelled to do so by reason of his cruel treatment of her and his failure to provide suitable maintenance for her. In her cross-libel she averred extreme cruelty on the part of her husband which compelled her to leave him on or about the 25th day of April, 1913, and his refusal to provide her with suitable maintenance, though of sufficient ability to provide the same, for more than sixty days preceding said date, and since said date for a continuous period of more than sixty days from the date of the filing of the libel; and she prayed for an absolute divorce with alimony.

At the hearing the libellant introduced in evidence the record in a previous suit between the parties wherein the wife, as libellant, had sought a divorce from her husband. The record included the libel, filed July 14, 1913, which averred that the parties were married at Honolulu, on the 26th day of December, 1896, and had ever since lived together at Honolulu as husband and wife, that she had been compelled, because of abusive language, threats and ill-treatment by her husband, to leave him on or about the 25th day of April, 1913, and that for a continuous period of more than sixty days he had neglected and refused to provide her with suitable maintenance, though of sufficient ability to provide same; the answer of the libellee in which he admitted the marriage and denied each and every other allegation set forth in the libel; and the decree, dated the 19th day of May, 1914, made by the second judge of the circuit court of the first circuit, which, after reciting that the parties were present, the libel had been heard, evidence adduced, arguments of counsel made, and the court fully advised in the premises, ordered and decreed "that the prayer of the libellant is denied and the libel dismissed."

In the case at bar the trial judge intimated that the testimony showed extreme cruelty on the part of the husband toward

his wife between November 1912, and the time of her leaving him in April 1913, and said that if the question were open to him to decide on the merits he would incline to the view that the wife, upon her cross-libel, would be entitled to a divorce upon the double ground of extreme cruelty and failure to provide suitable maintenance on the part of the husband. It was held, however, that no new facts were alleged and that the decree in the former suit precluded the wife from urging in this case any facts which existed or any conduct indulged in by her husband prior to July 14, 1913, either as a defense to the husband's present suit, or by way of affirmative relief in support of her cross-libel. From this it followed that as the libellant had established the fact of his wife's desertion, and its continuance for one year, the divorce should be granted as prayed for. A decree was entered in accordance with the finding, granting a divorce to the libellant, and dismissing the cross-libel. The libellee appeals.

The trial judge took the view, citing *Bartlett v. Bartlett,* 113 Mass. 312; *Wagoner v. Wagoner,* 25 Atl. (Md.) 338; and 1 Van Fleet on Former Adjudication, pp. 204, 307, that the maxim that no person shall be twice vexed for one and the same cause, applied to divorce cases, requires that the libellant shall set up in the one case all the grounds for divorce he or she has or intends to rely on, and that "it is contrary to the policy of our law that a person having, or conceiving himself to have, several causes of action for divorce, may select one or more of such causes from a greater number, and, having unsuccessfully litigated such one or more causes, still be at liberty to litigate the causes, or any of the causes, which were omitted from the first suit." In the *Bartlett* case a libel brought against the wife alleging adultery was held barred by the decree in a former suit wherein the libel of the husband charging desertion had been dismissed, the adultery being known to him at the time of the first suit. The court said, "Good faith and justice required the husband, if he intended at any future time to rely

on the graver charge, to suggest the fact before his first libel was dismissed, so that the court might, if it thought consistent with the interests of the parties and of the public, order the dismissal to be without prejudice to a subsequent libel, and the libellee might take measures to preserve any evidence material to her defense. The husband not having done this, or shown any reason for not doing it, must be deemed to have waived any right to a divorce depending exclusively upon facts existing and known to him at the time of his first application to the court." The case appears not to be in harmony with the current of authority, and, it seems to us, is opposed to good reason. If the law or public policy requires that a party seeking a divorce should allege, or, at least, disclose to the court every existing ground known to the party, or be estopped from thereafter asserting any such ground not alleged or disclosed, the same law or policy, to be consistent, should demand that every respondent should set up every ground of defense he may have to the suit or be thereafter precluded from asserting it. The contrary, however, was held in *Watts* v. *Watts,* 160 Mass. 464. It would be to go but a short step farther in the same direction to hold that where one spouse sues another for divorce the other is in duty bound to assert any known ground that may then exist that might be made the subject of a cross-libel, or forever after hold his peace as to such ground. But what good purpose would be served by such a rule? Such a rule would provoke parties to litigate possible causes for divorce whereas it is the policy of the law to encourage condonation and the amicable settlement of marital differences. The case of *Wagoner* v. *Wagoner,* supra, does not go to the length claimed for it for there the ground relied on in both suits was adultery, and though different acts were alleged in the second suit they antedated the first suit. It is well settled that where the ground of divorce in the second suit is the same as in the first, though based on different facts, but no new facts occurring subsequent to the first case are alleged, the former decree is conclusive except where the

party was ignorant of the existence of the facts at the time of the first trial. 14 Cyc. 725; *Fera* v. *Fera,* 98 Mass. 155; *Lewis* v. *Lewis,* 106 Mass. 309; *Edgerly* v. *Edgerly,* 112 Mass. 53; *Morrison* v. *Morrison,* 142 Mass. 361; *Lee* v. *Lee,* 38 Okl. 388. The same rule would apply where the ground set up in the second suit, though different from that of the first, necessarily involves a material question of fact which would be supported by the same evidence or stronger evidence of the same kind. For example, where, in a suit by the wife on the ground of the husband's failure to provide maintenance the question whether she was justified in leaving her husband was litigated and decided adversely to the wife's claim, she could not, in the absence of subsequently occurring facts, maintain a libel against her husband on the ground of extreme cruelty, for a state of facts which did not justify her in leaving him certainly did not amount to extreme cruelty, and so, though the second suit set up a different statutory ground, it would be held to have been concluded by the prior decree. The reverse would be the case, however, if after the dismissal of a suit by a wife on the ground of extreme cruelty, the husband brings suit against her on the ground of desertion. There the wife would not be estopped by the former decree from showing in defense that the husband's conduct had been such as to justify her in leaving his home. Such was the ruling made in *Rand* v. *Rand,* 58 N. H. 536, a case condemned as "unsound" by Mr. Van Fleet. But the obvious reason for the ruling was concisely stated in that case as follows: "The issue determined by the former proceeding was that of extreme cruelty. The court cannot say, as matter of law, that cruel acts of the husband which would justify his wife in leaving him would always be such extreme cruelty as would entitle her to a divorce on that ground." *Lyster* v. *Lyster,* 111 Mass. 327, is to the same effect. In the recent case of *Prall* v. *Prall* (Fla.) 26 L. R. A. N. S. 577, 583, the court said, "While the welfare of society demands exemption from unnecessary and vexatious divorce

litigation, the principles of *res judicata* should not be so applied as to prevent one determination of every distinct cause of action, under the statutes authorizing divorces for specific and separate species of misconduct."

The burden of proving a former adjudication is upon the party who sets it up. *Lau Lam* v. *Whitcomb,* 21. Haw. 252, 255. Counsel for the libellee contends that the burden was not sustained. The respondent's answer in the former suit put in issue every fact averred in the libel except that of the marriage, and the decree is silent as to the ground upon which the judge based his conclusion. Failure of proof as to either the jurisdictional facts, or that the husband had failed to provide the wife with suitable maintenance, or that she was justified in leaving him, would have led to a dismissal of the libel. The record was not supplemented with other evidence. In *Russell* v. *Place,* 94 U. S. 606, 608, the supreme court said, "It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record,—as, for example, if it appears that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered, —the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined." To the same effect, see *DeSollar* v. *Hanscome,* 158 U. S. 216, 221; *McCarty* v. *Lehigh Valley R. Co.,* 160 U. S. 110, 120; *Prall* v. *Prall,* supra. In *Lea* v. *Lea,* 99 Mass. 493, 496, it was said that a decree dismissing a libel for a divorce which might have been entered upon the ground of either

one of three sufficient defenses relied on by the libellee is conclusive between the parties as to neither of them. The rule cannot be applied as broadly as it is stated, however, and it does not apply in cases where it is immaterial upon what ground a judgment of dismissal was based for in such cases it may nevertheless operate as an estoppel though the ground was not disclosed. "Where the same issues are made and the same defenses are interposed in both actions, and there is no pleading or proof that any new determining issue, question, or matter is or may be involved in the second action, it is not material upon which defense or issue the former judgment was based, because an opposite judgment cannot be rendered without relitigating at least one defense and issue determined in the former action, and overruling the decision upon that defense which was there rendered." *Aetna Life Ins. Co.* v. *Bd. of Com'rs.,* 117 Fed. 82, 89. So far as the ground of failure to provide suitable maintenance as set up in the cross-libel is concerned, it is not material upon what ground the former libel was dismissed because if the libellant was unable to maintain her suit upon that ground at that time it will be presumed that she is unable to maintain it at this time, and no reason was made to appear why she should be permitted to relitigate in this suit any of the facts involved in the former suit as to that issue. But in connection with the ground of extreme cruelty under the cross-libel and the ground of desertion alleged in the libel of the husband it is material whether the question as to the husband's conduct toward and treatment of the wife was litigated and determined in the former suit, for if it was not, as both those grounds present new causes of action, the wife is entitled to be heard thereon, only such points as were actually decided being regarded as settled and foreclosed. *Cromwell* v. *County of Sac,* 94 U. S. 351; *Haw. C. & S. Co.* v. *Wailuku S. Co.,* 14 Haw. 50, 54. If the decree in the first case rested on the failure of proof of jurisdictional facts, or solely upon the ground that though the wife had left her husband he had continued to support her, the question

as to the alleged misconduct and ill-treatment on his part, and her right to leave him because of it, has never been decided against the wife.

We hold, therefore, that though the decree in the former suit operates as a bar to the maintenance of the wife's cross-libel on the alleged ground of failure to provide on the part of the husband, it should not have been held, in the absence of proof showing that the fact that the wife was not justified in separating from her husband was determined by the former decree, to estop her now from showing extreme cruelty under her cross-libel or that she was justified in leaving him as a defense to the husband's accusation of desertion.

The decree appealed from is reversed and the cause remanded to the circuit judge.

*A. D. Larnach* for libellant.

*C. C. Bitting* (*A. K. Ozawa* with him on the brief) for libellee.