### 235

Peter Tityk
vs. } Div. No. 10488
Mary Tityk

### DECISION

### October 10, 1918

DORAN, J. The petition is based on gross misbehavior and was filed in July 1918. In the same month another earlier petition by this petitioner on the ground of adultery was denied. It is not seriously disputed that the same alleged acts are the basis for the charge in each suit. Respondent makes a claim that may be stated thus: If a party brings and tries a divorce suit and is defeated, he cannot afterward get a divorce on any ground which existed and was known to him when he brought his first suit. Plaintiff claims that since different grounds are alleged in the two suits, the judgment in the first is not a bar. There does not seem to be much authority on the proposition set up by respondent and as far as the cases found go, there is a remarkable variance.

Bartlett vs. Bartlett, 113 Mass. 312, fully supports respondent's proposition. Rand vs. Rand. 58 N. H. 536 sets up a precisely contrary doctrine and supports the claim in this regard made by petitioner. Shepard's citations do not indicate that either of these cases has ever been cited in the respective states where decided. Similar to or consistent with Bartlett vs. Bartlett are

Wagoner v. Wagoner, 76 Md. 311;
Tillison v. Tillison, 63 Vt. 411;
Viertel v. Viertel, 99 Mo. Ap. 710.

Among the cases cited in the Bartlett case is Green v Green, 43 L. J. 7. Here the second petition was granted and it was based on two grounds, one occuring before the first petition and other other

after, so that strictly it is not an authority for the doctrine of the Bartlett case, but it does show the great care given by the Court as to the effect that should be allowed to the first petition.

### 236

As resembling Rand v. Rand and opposing the Bartlett case and opposing respondent's proposition may be mentioned

Prall v. Prall, 26 L. R. A. N. S. 577 (Fla. 1902).

One might refer also to Smith v. Smith, 35 Ind. Ap. 610, but it seems to depend so much on special statutes that its force is doubtful.

Umlauf v. Umlauf, 177 Ill. 580, really means that a defendant has the right to recriminate by means of any available testimony.

In Prall v. Prall cited above, the Court says at p. 584, "The principles of res adjudicate should not be so applied as to prevent one determination of every distinct cause of action under the statutes authorizing divorce for specific and separate species of misconduct." Is this a declaration that if one has several grounds for divorce he may bring a separate petition for each either together or successively. It seems to me that there is as much reason to say that the cause of action is the right to a divorce as to say that the ground for divorce is the cause of action.

The claim of petitioner in the case on trial is extreme. In the second case he is using the same facts as in the first, changing only the name applied to them. It the testimony for plaintiff was identical in the two trials and was found to be all admissible and wholly true, he would have been entitled to a decree for adultery in the first case. If you eliminate the testimony concerning non access and credit the testimony of the child and of George Jalcimeez the effect of the evidence is as strong to prove adultery as to prove gross misbehavior. If you eliminate the testimony concerning being in bed with men, the remainder would not justify divorce.

No party has a right to a succession of trials in a situation like this.

Petition denied and dismissed.

For petitioner: T. J. Dorney.

For respondent: T. F. Vance.