# OCTOBER, 1940.

JOHN W. DAWSON, APPELLANT, v. EDNA LEE DAWSON, RESPONDENT.— 145 S. W. (2d) 436.

Kansas City Court of Appeals.   November 18, 1940.

*Ellis G. Cook* for appellant.

*J. B. McGilvray* and *J. K. Owens* for respondent.

CAVE, J.—This is an action for divorce; the appeal being by plaintiff, the husband, from the decree of the court dismissing his petition. It appears from the record that the plaintiff and defendant were married on the 27th day of August, 1937, and lived together until July 10, 1938, at which time the wife left the home of the husband, which was at Warrensburg, Johnson County, Missouri, and went to Kansas City, in Jackson County. Thereafter, the wife filed a suit for divorce in Jackson County. In her petition she charged the husband with various acts of mistreatment and indignities and prayed for divorce with alimony. On September 13, 1938, John W. Dawson, the defendant in that case, filed answer to the wife's petition in the Circuit Court of Jackson County, and joined with his answer a cross-bill praying for divorce, wherein he charged the wife with various and sundry acts of mistreatment and indignities such as to render his condition as her husband intolerable.

A trial was had in the Circuit Court of Jackson County on December 27, 1938, on the petition and cross-bill. At the conclusion of the evidence introduced by the plaintiff, the wife, she voluntarily dismissed her petition for divorce and then the case proceeded to trial

on defendant's cross-bill. After hearing the evidence, the court found that the defendant, the husband, was not entitled to a divorce on his cross-bill and entered judgment accordingly, and assessed the costs against the defendant. The parties did not again live together as man and wife and have not done so since July 10, 1938. After the trial in Kansas City, the husband returned to his home in Warrensburg, and the wife lived at various other places. It is stated in the record that in July, 1939, the wife filed in the Circuit Court of Johnson County, Missouri, a suit for separate maintenance against the husband, but the petition in that case is not set out in this record, and the charges made therein are not before this court, and cannot be considered. Thereafter, and on August 3, 1939, the husband, John W. Dawson, filed this suit for divorce against the wife, Edna Lee Dawson, in the Circuit Court of Johnson County, wherein the sole ground for divorce alleged is that the defendant, the wife, without any just cause or excuse, and without his knowledge and consent, had deserted and abandoned the bed and home of the plaintiff on July 10, 1938, and had since that time lived apart from the plaintiff and had refused to return to his home, although requested so to do, and had remained away from the plaintiff more than one whole year next before the institution of the present suit. A change of venue was taken and the case transferred to the Circuit Court of Pettis County, Missouri, where the defendant filed her amended answer admitting the marriage as of August 28, 1937, and a general denial of all the other charges in plaintiff's petition. Coupled with this answer, the defendant also pleaded the facts concerning the prior divorce case which was tried in the Circuit Court of Jackson County and the judgment rendered therein, and alleged that the judment of the Circuit Court of Jackson County, on December 27, 1938, was *res adjudicata* of the issues alleged in plaintiff's petition in the present case. On such pleadings the case proceeded to trial.

The plaintiff, John W. Dawson, testified concerning his marriage with the defendant on the 27th day of August, 1937, and that they lived together in Warrensburg until the 10th day of July, 1938, at which time the wife left his home. Shortly after she left his home, she returned to get her goods, at which time he told her that she would regret leaving and that he had tried to treat her the best he could. To this she made no answer, but took her household goods and left and had not returned. On cross-examination, he identified the cross-bill for divorce which he had filed in the case pending in the Circuit Court of Jackson County, which cross-bill was introduced in evidence. The judgment of the Circuit Court of Jackson County, denying him a divorce on the cross-bill, was also introduced in evidence.

Witness Anza Dillingham testified that she was a neighbor of the Dawsons and that at the request of John W. Dawson she wrote a letter

to the wife the latter part of July, 1938, asking her to return to Dawson's home, but so far as she knew, she never returned.

It can be inferred from the record that the trial court ruled, or indicated that he would rule, that no evidence could be introduced concerning the conduct of the parties and their treatment of each other prior to the time of the separation on July 10, 1938. Whereupon, the plaintiff declined to introduce further evidence. The defendant then offered a peremptory instruction in the nature of a demurrer which the court took under advisement, but so far as this record shows, was never acted on by the court. Thereafter and during the same term, the court rendered judgment against the plaintiff and found: "that plaintiff is not entitled to decree upon abandonment, as divulged," and dismissed plaintiff's petition. In due time an appeal was perfected to this court.

The appellant assigns but two grounds of error on this appeal. The first is that the trial court erred in finding that the statutory year of abandonment was *res adjudicata*; and second, that the court had erred in finding that the time the first divorce was pending in the Jackson County Circuit Court should be deducted from the time of separation, July 10, 1938, and the filing of the present petition, August 3, 1939. There is nothing in the record before us which indicates the trial court held that the statutory ground of divorce of one year abandonment was *res adjudicata* because of the judgment of the Circuit Court of Jackson County in the first divorce case above referred to. On the contrary, the trial court stated in a conference with the attorneys at the beginning of the trial:

"You have your petition alleging abandonment. I do not know whether you can show sufficient evidence to constitute abandonment or not, but I think you have a right to show it in connection with the 10th of July, 1938, and the answer, as I see it, simply relies on this *res adjudicata*."

This language would indicate the court held the view that the statutory ground for divorce of abandonment for more than one year had not been litigated in the first divorce proceeding and the judgment in that case was not *res adjudicata* on such issue, and in this the court was correct. The cause of action for divorce on such statutory ground had not ripened into a cause of action which could be maintained at the time of the trial on the cross-bill in the Jackson County Circuit Court, and therefore was not litigated in that case.

We glean from the limited record before us that the court did hold there should be no evidence introduced touching the acts of mistreatment and indignities of the respondent prior to the separation on July 10th, because the judgment of the Jackson County Circuit Court was *res adjudicata* as to such acts and conduct. Such ruling was correct. It has been uniformly held by the courts of this state that known grounds for divorce which occurred prior to, and were

not included in the former suit, are precluded in a second suit. [Viertel v. Viertel, 99 Mo. App. 710; Hess v. Hess, 113 S. W. (2d) 139; and Brady v. Brady, 71 S. W. (2d) 42.]

In the Hess case, *supra*, this court said:

"By the decree of the Circuit Court of Sullivan County in the former case, there were no indignities to survive or continue after the decree therein. The effect of that decree was that the indignities charged in that petition and testified to by the plaintiff had no existence—that there never were any such indignities offered to the plaintiff by the defendant, and, therefore, none to continue. By that decree, the parties are bound; and this court is bound."

The appellant relies on the following cases to support his contention that the court erred in holding that the ground for divorce on the statutory charge of a year's abandonment was *res adjudicata*: Viertel v. Viertel, 99 Mo. App. 716; Brady v. Brady, 71 S. W. (2d) 42; and Searcy v. Searcy, 196 Mo. App. 311.

We have carefully read those cases and many others and conclude, as above stated, that the statutory ground for divorce for abandonment of more than one year was not adjudicated in the Jackson County Circuit Court proceedings, because no such cause of action existed at that time. However, there is nothing in this record to indicate the trial court decided this case on that theory. On the contrary, the trial court must have decided the case against appellant for the reason that the evidence introduced at this trial failed to prove the charge of abandonment without just cause for more than one year. While the decision of the trial court on the merits is not binding on this court, nevertheless it is very persuasive, and we find nothing in the record to justify a reversal on that ground.

We hold that the ground for divorce on the statutory charge of a year's abandonment was not adjudicated by the judgment of the Circuit Court of Jackson County in the first divorce proceeding, because no such ground for divorce existed at that time; and from the record before us, we are forced to the conclusion that the trial court did not hold that such ground was *res adjudicata*, but on the contrary, did hold that evidence concerning the indignities which had been perpetrated prior to the day of separation could not be introduced because such issues had been litigated in the trial on the cross-bill filed in the Circuit Court of Jackson County.

The appellant next contends that the trial court erred in holding that the period of time which the first divorce case was pending in the Circuit Court of Jackson County should be deducted from the period of separation in arriving at the solution of the question of a year's abandonment as contemplated by the divorce statute. We do not find in the record before us anything to indicate the trial court made any such ruling.

The abstract of the record in this case is very unsatisfactory in pre-

senting the actions of the trial court on which the appellant now bases his claim of errors. We cannot go outside of the record presented to convict the court of error. Unless asserted errors of the trial court are properly preserved in the record and properly presented here, we cannot consider them.

After a careful examination of the record in this case as presented here, we find no reason to disturb the judgment of the lower court. The judgment is affirmed. All concur.