## ANGELINA DULAY TABIOS *v.* TEODOLFO U. TABIOS.

### No. 2666.

Submitted November 4, 1947.      Decided January 13. 1948.

Kemp, C. J., Peters and Le Baron, JJ.

This is the second action for absolute divorce between the parties. Both were instituted by the libelant. The libel in the first alleged but one ground of divorce: cruel treatment not amounting to physical cruelty as defined in Revised Laws of Hawaii 1945, section 12210, paragraph 8. That libel was dismissed for insufficiency of the evidence to prove the ground alleged. No appeal therefrom was taken. The libel in the second alleges three grounds of divorce: extreme cruelty, cruel treatment and failure to provide as defined in paragraphs 6, 8 and 9, respectively, of the statute. It was filed eighty-three days after the libel in the first action was dismissed. A decree of divorce was granted to the libellant upon the third ground alleged in the libel in the second action. From this decree the libelee appeals.

The appeal does not concern the disposition of the other two grounds nor libelee's successful interposing of the plea of *res judicata* with respect to them. It relates solely to the trial judge's findings or absence thereof in sustaining the ground of failure to provide.

The specifications allege error (1) in the trial judge's finding "that at no time between the dismissal of the first divorce action (October 30, 1946) and the filing of the present action (January 23, 1947) did the libelee seek to have the libelant return"; (2) in the trial judge's failure to find "that libelant's refusal to return to the home of libelee was without reasonable cause"; (3) in the trial judge's holding "the evidence adduced sufficient to support a finding that 'the husband, being of sufficient ability to provide suitable maintenance for his wife,' neglected or refused 'to do so for a continuous period of not less than sixty days' within the purview of section 12210, Revised Laws of Hawaii 1945."

The libelant left the matrimonial domicile before filing the first divorce action. She claimed that the misconduct

of the libelee at that time justified her in leaving and gave her reasonable cause to remain away from the matrimonial domicile thereafter, she admittedly having lived separate and apart from the libelee at all times since she left his home. She thus raised the paramount issue of the case and introduced evidence of the facts and circumstances of the separation giving rise to such issue which the libelee was entitled to rebut. However, the trial judge took the view that all this evidence appeared "to be on issues that are *res judicata*" and expressly "disregarded" such evidence, confining the issues to the question of failure to provide, which she declared "depended upon whether or not the libelee asked the libelant to return to him." By so doing in the course of the libelee's presentation of his case, the trial judge effectively foreclosed any further litigation of the issue of the libelee's misconduct at the time of separation. Consistent therewith the first and second specifications of error are not directed towards such misconduct. Rather, they purport to be limited to the acts of the parties thereafter and present the questions whether it was incumbent upon the libelee to ask the libelant to return and whether she had reasonable cause not to return after having been requested to do so by the libelee. But misconduct justifying the leaving is an important factor not only of the reasonableness of the refusal of the libelee's request but of that of the cause not to return. Further, it may be of such character that the misconduct of itself may constitute good cause to stay away, irrespective of the subsequent acts of the parties. This interdependence and close correlation prevents the questions from being decided without first ascertaining whether such factor of misconduct exists and whether the misconduct is of such character as to be sufficient excuse for the libelant not to return to the matrimonial domicile. Hence the answers to these questions and their materiality

4

are not only predicated, but contingent, upon what determination of the issue of such misconduct can be made judicially. The trial judge made no such determination, nor could it be so made either below or on appeal where, as here, the issue has not been fully litigated. Consequently, the questions are not judicable at this time and the specifications presenting them need not be further considered.

The evidence is uncontroverted that the libelee was able to provide suitable maintenance for the libelant during a continuous period of more than sixty days next preceding the filing of the libel, but did not do so. Nevertheless, such would be insufficient as a matter of law to warrant a divorce upon the ground of failure to provide unless the libelee's obligation, arising out of the marital relationship and imposed upon a husband by statute (R. L. H. 1945, § 12372), to provide suitable maintenance for his wife is established by exact legal proof, the use of the words "neglects" and "refuses" by paragraph 9, supra, connoting such an obligation. Material to the question of this obligation is the issue of the libelee's misconduct justifying the libelant in leaving and excusing her in staying away, the determination of which being largely indicative of whether the libelee is liable to the libelant to provide her with suitable maintenance apart from the matrimonial domicile, aside from his liability to third parties for necessities of life furnished to her. The further taking of evidence upon such essential matter having been forestalled below, this court is not in a position to say from the record that the obligation of the libelee as a husband to provide for his wife apart from the matrimonial domicile has been proved according to law. Therefore, the third specification of error must be sustained.

The ultimate goal of the appeal, however, is to have

the libel dismissed. This goal can be reached here only in the event that the issue of the libelee's misconduct justifying the libelant's leaving and excusing her in staying away was *res judicata* and barred from litigation in the present action, upon which proposition the efficacy of the appeal with respect to that goal is planted.

The dismissal of the former divorce action for insufficiency of proof of the persistent course of misconduct prescribed by the statute is a final judgment, rendered upon the merits. It is therefore a conclusive adjudication between the parties of the issues determined or necessarily involved therein. Nevertheless, the burden of proving those issues was upon the libelee, he having set up the adjudication. (See *Macedo* v. *Macedo*, 22 Haw. 429.) This he failed to do and, as expressly found by the trial judge, it did not appear either upon the face of the record of that action or by extrinsic evidence that the precise issue of legal justification was one of those issues. Indeed, in the absence thereof, justification by reason of the libelee's cruel treatment in the strict statutory sense may not have been an issue litigable at the time of the hearing, pursuant to which the decree of dismissal was entered, and hence could not have become *res judicata* by the fact of its rendition. This would be the case, for instance, where such issue never arose because the statutory period of sixty days since the inception of the alleged misconduct had not then elapsed. (Compare *Dawson* v. *Dawson*, 235 Mo. App. 736, 145 S. W. [2d] 436, relative to issue of abandonment.) Hence it is evident that the issue under the ground of failure to provide should have been fully litigated and finally determined in the present action. To the end that it shall be, the cause must be reheard. However, the question of *res judicata* may arise upon rehearing and it is incumbent upon this court to guide the lower court relative thereto.

This court has held that a wife is not entitled to a divorce for failure to provide where she absents herself from the matrimonial domicile without reasonable or just cause and that harsh and unmanly treatment or conduct not evincing the affection a husband should have for his wife does not suffice. (*Costa* v. *Costa,* 23 Haw. 381.) But no fixed rule of general application can be formulated as to what extent misconduct of one spouse must reach in order to afford the other reasonable or just cause for separation, each case standing upon its own particular facts and circumstances. Nevertheless, this court has indicated that there may be cruel acts of a husband which would not entitle his wife to a divorce on the ground of extreme cruelty but would justify her in leaving the matrimonial domicile. (*Macedo* v. *Macedo,* 22 Haw. 429, 433.) Obviously, however, trivial annoyances which inevitably arise in married life do not amount to reasonable or just cause for separation. Pertinent thereto, the great weight of judicial opinion holds that misconduct of one spouse justifying the other's separation from the matrimonial domicile must be of such serious nature that the essential purpose of the marriage relationship would be defeated or the circumstances must be such that the injured spouse has good reason to believe that cohabitation can no longer be continued with due regard to safety, health or self-respect. (*Campbell* v. *Campbell,* 110 Conn. 277, 147 Atl. 800; *Watts* v. *Watts,* 160 Mass. 464, 36 N. E. 479, 23 L. R. A. 187; *Cochrane* v. *Cochrane,* 303 Mass. 467, 22 N. E. [2d] 6; *Wulke* v. *Wulke,* 149 Minn. 289, 183 N. W. 349, *aff'd* 184 N. W. 610; *Harrington* v. *Harrington,* 38 Del. 333, 192 Atl. 555; *Schwartz* v. *Schwartz,* 158 Md. 80, 148 Atl. 259; Keezer, Marriage and Divorce [2d ed.], § 335.) Misconduct creating such an insufferable state of affairs is manifestly equal in degree of culpability to that condemned by statute (R. L. H. 1945, § 12210, par. 8)

subsequent to the rendering of the decision in the *Macedo* case as an added ground of divorce if the condemned misconduct persists for at least sixty days. This condemned misconduct on the part of one spouse is defined by statute to be the marital offense of "cruel treatment, neglect and personal indignities, though not amounting to physical cruelty, * * * as to render the life of the other burdensome and intolerable and their further living together insupportable." Such marital offense so defined, aside from whether it has ripened into a cause for divorce, deals with misconduct amounting to a species of mental cruelty as distinguished from physical cruelty (see *Sisson* v. *Sisson*, 36 Haw. 606) and marks the degree of culpability which the cruel acts of a husband, to which the *Macedo* case refers, must have in order to justify his wife's separation from the matrimonial domicile. Consonant to the proposition that such marital offense inclusive of such cruel acts may not have met the statutory requirement of duration is the enlightened doctrine, as adopted by the above cited authorities, that there may be misconduct of one spouse which justifies the separation of the other from the matrimonial domicile, even though such misconduct falls short of a ground of divorce. This doctrine thus applies in this jurisdiction to cruel treatment which has not persisted for the statutory period. To hold, as some authorities do, that only misconduct warranting a divorce will justify separation from the matrimonial domicile would force a wife, in the case of cruel treatment by her husband, to endure his misconduct continuously for sixty days before seeking refuge in order to be entitled to his support. This would be unconscionable where misconduct of shorter duration than sixty days is of such vicious character and of such intensity as to have all the concomitants of the statutory marital offense of cruel treatment, such concomitants of necessity defeat-

8

ing the essential purpose of the marriage relationship and rendering it impossible to continue the matrimonial cohabitation with safety, health and self-respect. No actual intent of the guilty party to drive the other away permanently need be shown. It is enough if separation is the natural consequence of his acts. (*Harrington* v. *Harrington, supra.*) Hence, if it were shown by extrinsic evidence that in the former adjudication it was determined that the misconduct of the libelee did not render the life of the libelant burdensome and intolerable and their further living together insupportable, the issue of justification because of such misconduct would be *res judicata,* irrespective of the misconduct's duration. On the other hand, if it were likewise established that the misconduct was judicially determined to be the misconduct condemned by paragraph 8, *supra,* but did not persist for the statutory period, the issue would not be *res judicata,* nor would the issue be so where the misconduct was proved to be extreme cruelty rather than the cruel treatment alleged as the sole ground of divorce by the libel in the first divorce action. However, in any event the burden remains upon the libelee, should he again set up the former adjudication, to prove that the misconduct, which the libelant relies upon to justify her separation from the matrimonial domicile, was determined or necessarily involved as an issue in that adjudication.

The decree is set aside and the cause remanded below with instructions to grant a rehearing of the alleged ground of failure to provide in accordance with this opinion.

*M. D. White* for libelee-appellant.

*H. Bouslog* for libelant-appellee.