MANUEL VASCONCELLOS
*v.* MARY H. Q. VASCONCELLOS.

NO. 2839.

ARGUED OCTOBER 17, 1952.          DECIDED OCTOBER 27, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY STAINBACK, J.

An action for divorce was brought by appellant-libelant on the grounds of desertion. Prior to filing the present case each of the parties had sued the other for divorce. These cases were consolidated for trial and each party was denied a divorce in April, 1948, the presiding judge

having found that both parties were at fault and that neither was entitled to a divorce.

The following month the appellant-libelant used the messenger service of R. C. A. Communications, Incorporated, and sent his wife a message saying "Please come home." She received the message on May 15, 1948. Both parties at the time were residing in Honolulu, she still living separate and apart from her husband.

Libelant in the present case proved the jurisdiction of the court, the marriage, the separation of the parties, the action of the court dismissing the earlier suits, and the radio communication by him for his wife to return and her failure to return over a period of six months. The record in the preceding case also was placed in evidence in this case.

The libelee, when questioned by the trial judge as to whether she had received the radiogram and whether she ever offered to go back, replied that she had received the radiogram and further added by way of explanation that on the closing day of the trial in April before Judge Parks when her husband was asked three different times by the judge as to whether it was possible for him to take Mrs. Vasconcellos back and live with her as man and wife answered "No," and when asked "Are you sure?" replied "I am very sure."

After the close of the hearing of the present action the court rendered its decision holding that the offer of reconciliation made by the husband was not made in good faith and was simply a device upon which to lay a foundation for divorce action on the grounds of desertion.

Without reviewing in detail the transcript of the former trial, it not only appears questionable whether there was any desertion by the libelee but rather that she was evicted from her home by her husband because, as he claimed, of her misbehavior. It appears that he threw her clothes out

of the house and when she returned, accompanied by a police officer, made objections to taking her back into his house. There also was much testimony regarding actual cruelty by libelant toward libelee whose suit for divorce against libelant had been on the ground of extreme cruelty. Counsel for appellant claims that this was res judicata as the acts of cruelty had been litigated and adjudicated before Judge Parks. It well may be and a reading of the transcript would seem to establish that the misconduct of the libelant would justify the libelee in living separate and apart from the matrimonial domicile even though she could not qualify for a divorce on the grounds of cruel treatment within the terms of the statute and even though, as found by the judge, she was not without fault.

In *Tabios* v. *Tabios,* 38 Haw. 1, the court in passing upon the question of whether it is incumbent upon the libelee to return to libelant when requested so to do, stated at page 3: "But misconduct justifying the leaving is an important factor * * * of the reasonableness of the refusal of the libelee's request [to return] * * *. Further, it may be of such character that the misconduct of itself may constitute good cause to stay away, irrespective of the subsequent acts of the parties." (See also *Bartels* v. *Bartels,* 31 Haw. 491.)

To establish a case of desertion it should appear that the wife left her husband of her own accord, without his consent and against his will, or that she obstinately refused to return without just cause upon his request. Further, "The overtures for reconciliation must be made in good faith in order to put the other spouse in the wrong and place him or her in the legal position of the deserter. Such overtures cannot be made merely to lay a foundation for a divorce proceeding." (17 Am. Jur., Divorce and Separation, § 115, citing cases.)

It would be difficult to conceive that libelant had any hope or idea his wife would return on receiving the curt R. C. A. message. Even a straying dog when whistled home is entitled to a pat on the head and a few kind words.

Affirmed.

*O. P. Soares* (also on the briefs) for appellant.

*R. D. Welsh* (also on the brief) for appellee.