LORENZO T. MILLER vs. ELLEN MILLER.

Bristol.    October 25, 1889. — November 12, 1889.

Present: DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Husband and Wife — Separate Maintenance — Divorce — Desertion — Probate Court.*

A decree of the Probate Court, upon a wife's petition on the Pub. Sts. c. 147, § 33, for separate maintenance, adjudging that she is living apart from her husband for justifiable cause, is, while it remains in force, a bar to a libel for a divorce on the ground of her desertion.

LIBEL FOR DIVORCE, dated April 19, 1888, brought by a husband against his wife, alleging that in August, 1880, she " utterly deserted your libellant, and has continued such desertion from that time until the present time."

At the hearing in the Superior Court, before *Dunbar*, J., the libellant introduced evidence, which was contradicted, tending to show that the libellee deserted him seven or eight years before the date of the libel.   There was evidence that the libellee filed a petition to the Probate Court for separate maintenance, under the Pub. Sts. c. 147, § 33, alleging that for justifiable cause she was actually living apart from her husband; that on April 3, 1885, the judge of probate, upon a hearing before him, made a decree that, " it appearing that the petitioner is living separate and apart from her said husband for justifiable cause," the husband should pay to her a certain sum each month until further order of the court; that no appeal was taken from this decree; and that it was in force at the time of the hearing, and was being complied with by the libellant.

The libellee asked the judge to rule that the decree of the Probate Court was a bar to the maintenance of the libel, but the judge refused so to rule, and granted a divorce *nisi* to the libellant; and the libellee alleged exceptions.

*B. F. Butler*, for the libellee.

*J. M. Morton*, for the libellant.

KNOWLTON, J.    By a decree of the Probate Court, in force at the time of the hearing in this case, it was adjudged that the libellee was living apart from her husband for justifiable cause. The court had jurisdiction of the case, and of the parties, and

the decree has the same binding effect as if it were made by any other court of competent jurisdiction. *Smith* v. *Rice*, 11 Mass. 507. *Emery* v. *Hildreth*, 2 Gray, 228. *Pierce* v. *Prescott*, 128 Mass. 140. *McKim* v. *Doane*, 137 Mass. 195.

The fact determined by it is inconsistent with the necessary allegation in the libel, that the libellee previously had utterly deserted the libellant, and was then continuing such desertion. Utter desertion, which is recognized by the statute as a cause for divorce, is a marital wrong. Because the deserter is a wrongdoer, the law gives the deserted party a right to a divorce. If a wife leaves her husband for a justifiable cause, it is not utter desertion within the meaning of the statute, and a wife who has utterly deserted her husband and is living apart from him in continuance of such desertion cannot be found to be so living for justifiable cause. *Pidge* v. *Pidge*, 3 Met. 257, 261. *Fera* v. *Fera*, 98 Mass. 155. *Lyster* v. *Lyster*, 111 Mass. 327.

The court should have ruled, as requested by the libellee, that the decree of the Probate Court was a bar to the maintenance of this libel.                *Exceptions sustained.*