SAMUEL M. WATTS *vs.* ELLEN M. WATTS.

Plymouth.   October 17, 1893. — February 26, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Divorce — Wife's Adultery — Separate Support — Effect of Judgment.*

A husband discovered his wife in the act of adultery, and ejected her from his house. She subsequently brought a petition in the Probate Court for separate support and maintenance, and the husband appeared and defended against it, but offered no evidence of the wife's adultery. The Probate Court entered a decree in favor of the wife, which recited that she, " for justifiable cause, was actually living apart from her said husband." *Held,* that the question of the wife's adultery, not having been necessarily involved and determined in the issue tried in the Probate Court, the judgment of that court was not conclusive against a libel for divorce afterward brought by the husband for the adultery of the wife.

LIBEL for divorce on the ground of adultery, alleged to have been committed with one Ford, on June 4, 1892. Trial in the Superior Court, before *Braley*, J., who allowed a bill of exceptions, in substance as follows.

It was either proved or admitted that the parties were legally married, and that they lived together as husband and wife at Rockland until June 4, 1892. At that time the libellee committed adultery with Ford, and was discovered by the libellant, who thereupon ejected her from his house. On June 6, 1892, the present libellee filed a petition in the Probate Court for separate support and maintenance. At the hearing, the husband appeared and defended against it, but offered no evidence of the wife's adultery. On August 22, 1892, the Probate Court entered a decree in favor of the libellant, which recited that she, " for justifiable cause, was actually living apart from her said husband." No appeal was taken from this decree, and at the time of the filing of this libel, and at the hearing thereon, it was in full force.

The libellant asked the judge to rule that, as matter of law, he was entitled to a decree, but the judge refused so to rule, and ruled that the decree of the Probate Court was a bar to this libel, and ordered it dismissed. The libellant alleged exceptions.

The case was submitted on briefs to all the judges.

*J. F. Simmons & H. H. Pratt,* for the libellant.

*C. M. Perry,* for the libellee.

KNOWLTON, J.   In regard to subjects of which the Probate Court has jurisdiction, and upon parties brought within its jurisdiction, a decree of that court, like a judgment of other courts, is conclusive.  *Laughton* v. *Atkins,* 1 Pick. 535.  *Pierce* v. *Prescott,* 128 Mass. 140.  *McKim* v. *Doane,* 137 Mass. 195. *Miller* v. *Miller,* 150 Mass. 111.

The decree introduced at the trial, being between the same parties as those in the present action, is binding and conclusive upon them in this suit in regard to all matters shown to have been put in issue or to have been necessarily involved in the former suit, and actually tried and determined in it.   In regard to matters not then in controversy and not heard and determined, although it is conclusive so far as the final disposition of that cause of action is concerned, it is not conclusive to prevent a determination of them according to the truth if they are subsequently controverted in a different case.  *Burlen* v. *Shannon,* 14 Gray, 433, 437.   *Thurston* v. *Thurston,* 99 Mass. 39.   *Burlen* v. *Shannon,* 99 Mass. 200.   *Lea* v. *Lea,* 99 Mass. 493, 496. *Hawks* v. *Truesdell,* 99 Mass. 557.   *Commonwealth* v. *Evans,* 101 Mass. 25.   *Lewis* v. *Lewis,* 106 Mass. 309.   *Foye* v. *Patch,* 132 Mass. 105, 111.   *Cromwell* v. *Sac,* 94 U. S. 351.   It would be a harsh and oppressive rule which should make it necessary for one sued on a trifling claim to resist it, and engage in costly litigation in order to prevent the operation of a judgment which would be held conclusively to have established against him every material fact alleged and not denied in the declaration, so as to preclude him from showing the truth if another controversy should arise between the same parties.   There might be various reasons why he would prefer to submit to a claim rather than to defend against it.   For the purpose of defending that suit, he would have his day in court but once, and if he chose to let the case go by default, or with a trial upon some of the defences which might be made and not upon others, he would be obliged forever after to hold his peace.   But a plaintiff can claim no more than to be given what he asks in his writ.   He cannot justly complain that the defendant has not seen fit to set up

defences and raise issues for the purpose of enabling him to settle facts for future possible controversies.   In subsequent proceedings which are independent of the original suit, the judgment in that suit is conclusive as evidence, or may be pleaded as an estoppel only as to those matters which were put in issue and determined; but it is not necessary that these should be particularly mentioned in the pleadings if they are involved in the issue made up, and if the case is determined upon the trial of that issue.   The bill of exceptions in this case shows nothing in regard to the pleadings in the Probate Court, further than that there was a petition brought under the Pub. Sts. c. 147, § 33, and that the respondent appeared and defended against it.   It appears that no evidence was offered of the act of adultery on June 4, 1892, and we infer that it was not set up in answer to the petition.   We must assume that the respondent's pleading was a general denial.   Was the question whether the petitioner had committed adultery, as now appears, necessarily involved in the issue made up by an affirmation and denial that she was living apart from her husband for justifiable cause?   The grounds of the decree do not appear.   Could such a decree have been made upon any possible state of facts if the petitioner had been known to have committed adultery on June 4, 1892?   If so, the decree could not be held to be a bar to a divorce, unless the only facts which would render the decree possible are such as would of themselves preclude the libellant from obtaining a divorce.   The decision that a wife is living apart from her husband for a justifiable cause, made upon a hearing between them on the general issue, conclusively shows that she has not utterly deserted him.   *Miller* v. *Miller*, 150 Mass. 111.   Living apart from a husband under such circumstances as to constitute utter desertion, for which a divorce may be granted, is a marital wrong, and cannot be legally justifiable.   But facts may be supposed upon which the decision of the Probate Court might have been made in the present case, even if it were known that the wife was guilty of adultery of which the husband had knowledge. If he had for a long time been guilty of extreme cruelty towards her, and had inflicted serious bodily injury upon her when he ejected her from his house, and then had asked her to return to his home and had offered to forgive the adultery if she would

come back, she would have been justified in refusing to return on the ground that she had reason to fear great injury from his cruelty if she continued to live with him. If such facts appeared the court might well decide that she was justifiably living apart from him on account of his cruelty, notwithstanding her adultery which he was willing to forgive. It is obvious, therefore, that the decision in her favor on the question whether she was living apart from him for a justifiable cause is not necessarily a finding that she was not guilty of adultery, and upon the record before us it cannot be said that her guilt or innocence was necessarily involved in the issue then tried.

It may be said, however, that the facts above supposed are such as would bar his suit for a divorce, and that therefore such a hypothesis cannot help him in this case. It is true that the extreme cruelty of a libellant is a defence to a libel for a wife's adultery. *Handy* v. *Handy*, 124 Mass. 394. *Cumming* v. *Cumming*, 135 Mass. 386, 389. *Morrison* v. *Morrison*, 142 Mass. 361.

But there may be other causes which would justify her in living apart from him less than those which would be a ground for a divorce in her favor. Such causes could not be availed of as an answer to his libel for a divorce on the ground of her adultery, although they might warrant this finding of the Probate Court. Against this proposition it is argued forcibly by a prominent author that no cause should be deemed sufficient to justify withdrawal from cohabitation which is not enough to call for a judicial separation. 1 Bish. Mar., Div. & Sep. § 1753. This until recently was the law in England, and it is still the law in some of the American States. But it is now held by the English courts that the use of the words " separation without reasonable cause," in the statute in reference to desertion, implies that there may be a separation with a reasonable cause which is something less than the causes for which a divorce may be granted. *Yeatman* v. *Yeatman*, L. R. 1 P. & D. 489, 491. *Haswell* v. *Haswell*, 1 Sw. & Tr. 502; 29 L. J. (N. S.) P. & M. 21. So, too, a voluntary separation of husband and wife is not there deemed to be against public policy, and articles of separation entered into by a husband and wife are enforced by courts of equity. *Wilson* v. *Wilson*, 1 H. L. Cas. 538. *Besant* v. *Wood*, 12 Ch. D. 605. *Hart* v. *Hart*, 18 Ch. D. 670.

In this Commonwealth it has been held that an 'indenture whereby a husband agrees to pay to a trustee money for the support of his wife, made in contemplation of an immediate separation which takes place as contemplated, is not void as against public policy. *Fox* v. *Davis*, 113 Mass. 255. In *Lyster* v. *Lyster*, 111 Mass. 327, Mr. Justice Gray says, in giving the opinion of the court, " It has accordingly been declared by a great weight of American authority that ill treatment or misconduct of the husband, of such a degree or under such circumstances as not to amount to cruelty for which the wife would be entitled to sue for a divorce against him, might yet justify her in leaving his house, and prevent his obtaining a divorce for her desertion if she did so." See also cases there cited. The statute which we are considering (Pub. Sts. c. 147, § 33) permits the husband as well as the wife to apply to a court to obtain an order " concerning the support of the wife, and the care, custody, and maintenance of the minor children," thus implying that the provisions of the statute are not alone for the benefit of a wife whose husband has been guilty of misconduct which would be a cause for a divorce. If, to obtain the benefit of its provisions, a wife were obliged to show misconduct of the husband which would be a cause for a divorce, it would add but little to the provisions of previous statutes, under which, in divorce proceedings, she could obtain orders for alimony and in regard to the custody and support of minor children.

We are of opinion that under this statute the wife may show that she is living apart from her husband for a justifiable cause without necessarily going so far as to show a cause which would entitle her to a divorce, and that the reasons required to warrant the decree of the Probate Court in the present case were not necessarily reasons which would preclude a husband from obtaining a divorce for adultery from the wife. Precisely what reasons would justify a wife in withdrawing and living apart from her husband, so as to subject the husband to a liability for her support away from his home under this statute, it is unnecessary in this case to determine. It is enough that the cause may be something less than that required to entitle her to a divorce, and therefore less than that which would be necessary to furnish a bar to her husband's libel for her misconduct, if pleaded by way of

recrimination. See *Sturbridge* v. *Franklin, ante,* 149. Although ordinarily the question whether she was guilty of adultery would be important evidence on the issue tried in the Probate Court, the husband might offer to forgive her if she would return, or for other reasons the decision might be made to rest on grounds which would not involve a finding that she was innocent or guilty of that crime. It follows that the judgment of the Probate Court is not conclusive against the libellant in the present action, and there must be a new trial.

*Exceptions sustained.*