CLEMENT MANUFACTURING COMPANY *vs.* EDWARD E. WOOD.

Hampshire.    September 18, 1894. — October 18, 1894.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Report of Special Master — Equity — Mill-Dam — Decree.*

No objection lies to the report of a special master if the matters determined by him as stated therein were involved in the issue made up by the parties, and were properly considered by him and included in the report.

KNOWLTON, J. This is a suit in equity brought by the owner of a water mill against the owner of another mill further down the stream, to compel him to reduce the height of his dam.

The parties filed an agreement in writing that the case should be referred to a special master, to " hear the parties, view the premises, and ascertain the true height of the mill-dam referred to in the pleadings in said cause, and fix the same by some suitable permanent monument, to be erected under his direction, and make report thereof to the court," and an order of reference was made by the court in accordance with this agreement. The master heard the parties, the plaintiff's manager being present at the hearing, and afterwards notified them that he was ready to erect the monument to define the height of the dam referred to in the pleadings, which was the defendant's dam, and asked that they contribute equally towards the expense of making this erection, which they did. He then established the monument, and made his report to the court, stating that the defendant's dam had not been raised above the height at which the defendant had a right to maintain it, and setting out his doings in regard to the erection of the monument, and defining by ref-- erence to the monument the height at which the defendant could lawfully maintain the dam. The plaintiff filed objections to the report, on the ground that the true height of the defendant's dam, at which he had a right to maintain it as found by the master, was greater than the height at which it was maintained when the suit was brought, and that this finding was outside of the issues involved or submitted in the case ; and it subsequently offered to prove the fact alleged in the objections. The justice of the Superior Court who heard the case was of opinion that the plaintiff was not entitled, as a matter of right, to introduce evidence of this allegation, and in his discretion excluded it, and he afterwards entered a decree for the defendant in accordance with the findings of the master, and reported the case for the consideration of this court.

The first and principal question · is whether the decree was warranted by the pleadings and the master's report. It is contended that the report deals with matters which are not in issue or involved in the case, but we think there is no good ground for this contention. The plaintiff alleges in its bill, and the defendant admits in his answer, that there is a fixed point up to which the defendant has a right to maintain his dam. The plaintiff alleges in its bill, and the defendant denies in· his

answer, that the defendant has maintained his dam above that point. The controversy involves two questions; first, what is the height of that point, and secondly, up to what height has the defendant maintained the dam. The prayer of the bill is that the defendant be enjoined from keeping up the dam " any higher than its height before said work was entered upon, or than the defendant has a legal right to maintain the same," etc. The important question in dispute was to what height the defendant's ancient right to maintain his dam extended, and it was precisely this point which the master, an eminent hydraulic engineer, was appointed to determine. It would be impossible properly to decide the case without passing upon this question, and a report which failed to deal with it would be irregular and imperfect.

It does not appear upon the record that the point established by the master is higher than the dam as it was when the suit was brought. The plaintiff in his objections alleges that it is, but the defendant denies it. If the fact were material, the proper way to present it would be by a motion to recommit, with instructions to the master to report in regard to it, but we are of opinion that it is immaterial. While the plaintiff in its bill only asks to have the dam lowered, its prayer is founded on an allegation that the dam is higher than the point at which the defendant can lawfully maintain it. The position of that point is necessarily involved in the issue made up by the parties, and it is a matter to be determined no less if it proves to be above the present height of the dam than if it proves to be below it. The findings in regard to it were rightly recited in the report and in the decree, and the parties will be forever bound by the decree in regard to all matters actually heard and determined which were expressly put in issue, or were necessarily involved in the issue. *Watts* v. *Watts*, 160 Mass. 464. All this was contemplated by them when they made the agreement which was put on file.    *Decree affirmed.*

*W. G. Bassett*, for the plaintiff.

*J. C. Hammond*, (*H. P. Field* with him,) for the defendant.