SARAH A. HARRINGTON vs. JAMES L. HARRINGTON.

Worcester.     October 3, 1905. — October 18, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Marriage and Divorce.   Judgment.   Probate Court.*

An order of the Probate Court on a petition of a wife for separate maintenance, declaring that the wife "has been living apart from her husband for justifiable cause, but that said cause does not justify a permanent separation of the parties", while unrevoked, is a bar to a libel for divorce by the wife for the causes alleged in the petition for separate maintenance, the order being conclusive upon all matters shown to have been put in issue or necessarily to have been involved and actually tried and determined, but if the allegations in the petition for separate maintenance, and the specifications thereunder, charge lewd and lascivious conduct with a certain woman but do not charge adultery, the order thereon is not a bar to a libel for divorce for adultery with the same woman during the same period.

THE following statement of the case is taken from the opinion of the court:

This is a libel for divorce brought by a wife for the adultery of her husband, in which the judge ruled that the libellant was barred by proceedings in the Probate Court for separate support, and reported the case for the consideration of this court.

The petition for separate support was filed April 24, 1900. It alleges the three grounds for separate support specified in the statute now R. L. c. 153, § 33, to wit, (1) failure without just cause to furnish suitable support for her; (2) desertion; and (3) that she is living apart from her husband for justifiable cause. After alleging these three grounds in the order above set forth, the petition goes on in these words: "And she herein sets forth the following specifications, to wit, — that the said James L. Harrington, against your petitioner's most earnest and solemn protests, has been guilty of grossly lewd, wanton, libidinous and lascivious conduct, actions and behavior toward one Helen Hannington, a domestic in his employ, with whom he became improperly familiar to such an extent as to become wholly unbearable by your petitioner, and to seriously affect and undermine her health."

On this petition an order was made on the fourth day of April

of the following year, 1901. In that order it was found by the judge " that said petitioner at the time of filing of this petition was and ever since has been living apart from her said husband for justifiable cause, but that said cause does not justify a permanent separation of said parties," and it was ordered that the petitioner have the custody of the youngest of the four children, a boy, Harold by name, then one year and ten months old, and that the husband pay to the wife " for the support of herself and said minor child the sum of one hundred dollars forthwith and the further sum of twenty-five dollars on the first day of May next." This order was made " without prejudice to the right of either party to have a further order or decree relative to the custody of said minor children and their support at any time after said May 1."

On June 24, 1901, a further order was made dealing with the custody of the minor children not disposed of in the order of the fourth day of April. In that order it is found " that said petitioner is actually living apart from her said husband," and it is ordered that the petitioner have the custody of Harold and also of a daughter Ruth, then seven years old; and that the husband pay to the petitioner " for the support of said minor children, the sum of twenty-five dollars forthwith and the further sum of sixteen dollars on the first day of each and every month hereafter until further order of said court." From the second order an appeal was taken to the Superior Court, and the order was affirmed. No appeal was taken from the first order.

The report states that: " It was agreed by the parties that on April 24, 1900, libellant filed in the Probate Court, for the County of Worcester, against the libellee, a petition for separate support and the care, custody and maintenance of their children, . . . charging the libellee with adultery, and filing specifications thereof substantially the same as those filed in the libel for divorce, and that in the Probate Court the libellant introduced, among other competent testimony, evidence in support of all said charges and the libellee introduced evidence in denial thereof and substantive evidence of a condonation, which was contradicted."

*F. Freeman*, for the libellant.

*C. E. Tupper*, for the libellee.

LORING, J. [After the foregoing statement of the case.] There is no question as to the law, but there is a difficulty arising from contradictory statements in the report as to what was before the Probate Court.

It is plain that the order of the Probate Court made on April 4, 1901, was a final adjudication of all matters stated in the petition, with the exception of the custody of the minor children after May 1, 1901. That was in terms reserved for further consideration. The subsequent order as to the custody of the children was manifestly made under what is now R. L. c. 153, § 37, giving the Probate Court jurisdiction over the care, custody, education and maintenance of the children in case "the parents of minor children live separately."

It is also plain that an order of the Probate Court on a petition for separate maintenance, while unrevoked, is a bar to the same extent as a judgment in an action at law. *Miller* v. *Miller*, 150 Mass. 111. *Watts* v. *Watts*, 160 Mass. 464, 465.

That is to say, the order on the petition for separate support was binding and conclusive here in the libel for divorce on all matters shown to have been put in issue or to have been necessarily involved and actually tried and determined, but not in regard to matters not then in controversy and not heard and determined, although it is conclusive so far as the final disposition of the prior cause of action is concerned. It was so laid down in *Watts* v. *Watts*, 160 Mass. 464, and it was in accordance therewith held in that case that a husband could maintain a libel for the adultery of his wife after a decree of the Probate Court adjudging that she was justifiably living apart from her husband.

If in the case at bar the wife in fact undertook to substantiate the allegation that she was justifiably living apart from her husband, by proving his adultery, she is now barred and the ruling was right. She is now barred, for the adjudication of the Probate Court was that at the time of filing the petition on April 24, 1900, and from that time to the date of the order, April 4, 1901, the wife had been living apart from her said husband for a justifiable cause, "but that said cause does not justify a permanent separation of said parties." If the wife under her petition undertook to prove adultery, that is a finding that adultery

was not made out, but that some other cause was made out justifying her in living apart for a time, which time apparently ended on May 1.

The statement of the report that the petition for separate support was a petition " charging the libellee with adultery " is contradicted by the petition itself, which is set out in full in the report. That is a petition not charging him with adultery, but with " grossly lewd, wanton, libidinous and lascivious conduct, actions and behavior toward one Helen Hannington, a domestic in his employ, with whom he became improperly familiar to such an extent as to become wholly unbearable by your petitioner, and to seriously affect and undermine her health."

It is stated in the report that in the Probate Court the wife filed specifications thereof [i. e. adultery] substantially the same as those filed in the libel for divorce, and that " in the Probate Court the libellant introduced, among other competent testimony, evidence in support of all said charges and the libellee introduced evidence in denial thereof and substantive evidence of a condonation, which was contradicted."

We assume in favor of the libellee that there were specifications filed in the Probate Court in addition to those set forth in the body of the petition for separate support.

What were they? The report states that they were " substantially the same as those filed in the libel for divorce."

In the libel for divorce now before us there were originally eight specifications filed. After the libellee filed his answer two further specifications were filed. Seven of the original eight charge lewd conduct with the Helen Hannington, with whom the adultery now in question is charged to have been committed, and the eighth is a specification of cruel and abusive treatment consisting in the perpetration of a great number of acts of lewd conduct with the Hannington woman in the presence of his wife, " against her will," and " against her special request not to do so."

It is true that if all the facts of lewd conduct specified were true the inference that adultery had been committed would have been well nigh irresistible. But the specifications do not of themselves nor by reference to the allegations of the petition of which they are the specifications, charge adultery. If these were

the charges on which evidence was introduced in the Probate Court, the fact of adultery was not there put in issue.

In addition to the original eight specifications filed in the libel for divorce now before us, there were two added by amendment after the libellee's answer was filed. These two charge adultery. But the report states that in the libel now before us the "libellant charged adultery and cruel and abusive treatment, and filed specifications which were identical as to both offences charged." The specifications which are "identical as to both offences charged" are the first eight only.

In view of this statement and of the other contradictory statements of the report above mentioned, we are of opinion that as matter of construction of this report the "charges" in support of which the libellant introduced evidence in the Probate Court did not include the charge of adultery. No charge of adultery was made in the petition for separate support. No charge of adultery was made in the specifications (assuming that there were specifications there in addition to those set forth in the body of the petition) if the specifications there were the same as the eight originally filed here. As we have said, we are of opinion that as matter of construction of the report now before us the specifications there are to be taken to be the same as the eight originally filed here.

If this is not so, and the ninth and tenth specifications filed here were in fact filed there, that fact may be shown at the trial.

*Case to stand for trial.*