PIETRO AMATO *vs.* SARA AMATO.

Suffolk.    January 10, 1923. — March 3, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Marriage and Divorce. Judgment. Evidence,* Foreign judgment, Presumptions and burden of proof.

Where, at the hearing of a libel by a husband for a divorce on the ground of desertion alleged to have occurred in the State of New York on July 3, 1913, and to have continued for three successive years before the filing of the libel, the libellee introduces in evidence a judgment of the Domestic Relations court in and for the borough of Brooklyn, county of Kings, city and State of New York, to the effect that, upon the libellant pleading guilty to a complaint by his wife charging him with abandonment and failure to support her and the infant issue of the marriage, that court on July 9, 1913, ordered him to pay a certain sum weekly toward such support, and that this order was in force on July 11, 1913, such judgment is to be given the same effect as that accorded to a similar judgment in our local courts and therefore the libel must be dismissed, it appearing that the libellee had not deserted the libellant as charged.

LIBEL, filed in the Superior Court on October 14, 1921, seeking a divorce on the ground that the libellee on July 3, 1913, at Brooklyn in the State of New York utterly deserted the libellant and that such desertion had continued for more than three consecutive years next prior to the filing of the bill.

The libellee in her answer alleged "that at all the times mentioned and set forth in the libel for divorce by the libellant, the said Pietro Amato was and still is a citizen and resident of the borough of Brooklyn, county of Kings, city and State of New York, and while the said parties herein were living and cohabiting together in the said borough of Brooklyn, city and State of New York, the said Pietro Amato did without cause, reason or justification abandon and desert the libellee herein and their infant child of the said aforesaid marriage, because of which the said libellee herein instituted an action in the Domestic Relations

Court of the borough of Brooklyn, county of Kings, city and State of New York, on or about the seventh of July, 1913, charging the said Pietro Amato with abandonment and desertion and failure to properly provide for the maintenance and support of said libellee herein and the infant and issue of said marriage, and that the said Domestic Relations Court aforementioned after a trial and hearing found the said libellant Pietro Amato, guilty of the charge of abandonment, desertion and failure to provide for the maintenance and support of said libellee and infant and adjudged and ordered said libellant Pietro Amato to pay each and every week thereafter the sum of Eight ($8) dollars, per week, to his wife, Sara Amato; . . . that the said libellant Pietro Amato did conform and comply with the order of said court aforementioned for a period of seven weeks and then failed to make any further payments, but has disappeared and left the jurisdiction of the courts of the State of New York, from which he is now a fugitive, and is wanted for failure to comply with the order of the Court of Domestic Relations, as well as for desertion, abandonment and failure to provide."

The libel was heard by *Bell*, J. Material facts found by him are described in the opinion. The judge ordered the libel dismissed and reported the case to this court for determination.

The case was submitted on briefs.

*R. E. Johnston*, for the libellant.

*H. E. Shirk* (of Brooklyn), for the libellee.

BRALEY, J. The parties were married in the State of New York and there lived together until the libellant, as the judge finds and reports, "broke up his home and moved to Boston," the last of August 1913. The libellee refused to accompany him nor have they ever lived together in this Commonwealth. It may be conceded that unless plainly unreasonable her refusal was legally unjustifiable, and the libellant having lived here for five years last preceding the filing of the libel on October 14, 1921, "a divorce may be decreed for any cause allowed by law, whether it occurred in this Commonwealth or elsewhere, unless it appears that the libellant has removed into this Commonwealth for the purpose of obtaining a divorce." *Franklin* v. *Franklin*, 190 Mass. 349. G. L. c. 208, § 5. The material allegation is, that the libellee at "Brooklyn, in the State of New York, . . . on the third day of

July, A. D. 1913, utterly deserted your Libellant," and has continued such desertion for more than three consecutive years prior to the filing of this libel. G. L. c. 208, § 1. But it appears from an authenticated copy of the proceedings and judgment properly introduced in evidence by the libellee under her answer, and without objection by the libellant, that the "Domestic Relations Court of the Borough of Brooklyn, County of Kings," on the complaint of the libellee, that the libellant had actually abandoned his wife and minor children without adequate support, to which he pleaded guilty, ordered July 9, 1913, the libellant to pay but not to exceed one year $8 weekly for their support and that this order was in force on July 11, 1913. G. L. c. 233, § 69. *Bissell* v. *Wheelock,* 11 Cush. 277, 279. The libellant also testified, that he agreed in writing to pay $8 a week for the support of his wife and child. The judgment on the record is to be given the same effect as that accorded to a similar judgment in our local courts, even if under our laws a decree or judgment in this exact form might not have been rendered. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159. U. S. Rev. Sts. § 905. *United States National Bank* v. *Venner,* 172 Mass. 449. *Miller* v. *Miller,* 150 Mass. 111. *Watts* v. *Watts,* 160 Mass. 464. The libellee accordingly had not deserted her husband as charged. But on that day by his own admission of guilt appearing in the judgment roll, as well as on the judgment itself, he had abandoned his family and failed and neglected to support his wife at their matrimonial home. See *Lyster* v. *Lyster,* 111 Mass. 327. By the terms of the report the libel must be dismissed. *Harrington* v. *Harrington,* 189 Mass. 281.

*So ordered.*