JOSEPH A. BUTLER *vs.* GEORGE J. MARTIN.

Suffolk.    October 17, 1923. — December 8, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY & PIERCE, JJ.

*Contract,* Construction, Performance and breach. *Judgment. Evidence,* Presumptions and burden of proof.

Where, in an action for breach of a contract, the plaintiff relies upon a judgment which he contends is conclusive of the issues on trial, the burden is on him to prove that those issues were tried and settled in the action which resulted in the judgment.

In an action of contract the plaintiff, in a specification supplementary to his declaration, claimed that the defendant owed him the amount of $357.78, which he alleged was a balance due on account of a dividend of $4 per share on shares of the second preferred stock of a corporation which he had purchased in reliance upon the defendant's oral promise that the dividend would be paid. The action was heard by auditors under a rule specifying that their findings of fact should be final. The evidence for the plaintiff consisted of his testimony as to the oral contract and a judgment rendered in a previous action begun after the date when the dividend was alleged to have become due. The auditors found that no such agreement as alleged by the plaintiff was made. The declaration in the action in which the judgment relied on was rendered set forth a claim for a dividend on common stock but no claim for a dividend on preferred stock. *Held,* that a finding, that the judgment was not conclusive on the issues raised by the specification, was warranted.

In an action of contract the plaintiff in a specification supplementary to his declaration claimed that on January 3, 1916, a certain sum was due to him from the defendant as the equivalent of a dividend of $4 per share upon shares of common stock of a certain corporation, by reason of the fact that the defendant had agreed to pay him a dividend of eight per cent upon each share of common stock " for as long as the plaintiff owned the stock." At the trial of the action the plaintiff relied upon oral testimony which was disbelieved and upon the record of a judgment for the plaintiff in an action against the same defendant begun in April, 1915. It appeared that allegations in the declaration in that action were to the effect that the plaintiff

purchased the stock in 1913, that semiannual dividends should have been paid in June and December of 1913, that they were not paid, and that the defendant owed their amount to the plaintiff. It further appeared that the plaintiff sold his stock in March, 1916. *Held*, that the judgment relied on was not conclusive evidence in favor of the plaintiff since at most it appeared that dividend dates, if any, were in June and December and that dividends to be declared on the stock in 1916 would not be declared before June of that year, before which time the plaintiff had ceased to own his stock.

Findings for the defendant on both the specifications in the action above described were warranted because it was found that the defendant had not made the oral agreement alleged and testified to by the plaintiff and the judgment relied on was not as a matter of law conclusive in favor of the plaintiff on either specification.

CONTRACT, the plaintiff alleging in his declaration that on May 12, 1913, he and the defendant made a parol agreement whereby, in consideration of the plaintiff's promise to purchase one hundred shares of the second preferred stock of a certain corporation and seventy-seven shares of its common stock, the defendant agreed to pay to the plaintiff the dividends thereon at the rate of $8 per share; that the plaintiff purchased the stock but that the defendant failed to pay the plaintiff the sum of $8 per share and " that because of the wrongful acts of the defendant and because of the breach of conditions of the agreement on the part of the defendant there is due to the plaintiff the sum of $665.78 with interest." Writ dated October 11, 1916.

In response to a motion by the defendant, the plaintiff filed specifications " alleging that on or about July 3, 1913, a dividend of $400 on one hundred shares of the second preferred stock of the Martin Manufacturing Company was due the plaintiff, on account of which he had received but $42.22, leaving a balance due him in respect to these shares of $357.78; that on January 3, 1916, there was due him under his agreement with the defendant the further sum of $308 as the equivalent of a dividend of $4 per share upon seventy-seven shares of the common stock of the Martin Manufacturing Company."

The defendant in his answer as amended, besides a general denial and an allegation of payment, alleged that on March 23, 1916, the plaintiff sold his stock to one Adams for $20,800, being $800 in excess of the price which he paid for it " upon

the agreement and understanding that the price paid was in full payment and satisfaction of all dividends due upon said stock to the plaintiff." Further allegations of the answer as amended were that on June 28, 1916, the plaintiff recovered judgment in the Superior Court against the defendant for $660.17 damages and $38.20 costs which " was rendered upon the same cause of action set forth in the plaintiff's declaration." The defendant also relied upon the statute of frauds, R. L. c. 74, § 1. The action was referred to three auditors under a rule requiring that their findings of fact should be final.

The auditors found substantially as follows: On May 12, 1913, the plaintiff, through the defendant, purchased one hundred shares of preferred and seventy-seven shares of common stock of Martin Manufacturing Company, of which the defendant was the president, and paid " the agreed consideration therefor to the Martin Manufacturing Company." The plaintiff testified that as consideration to him for that purchase the defendant told him that he would receive a dividend on the following July 1 on the preferred and the common stock at the rate of $8 per share per annum and that when he told the defendant he would buy the stock on that understanding, the defendant " said he would agree to that for as long as the plaintiff owned the stock." The defendant testified that he made no such statement or agreement but that he told the plaintiff that the preferred stock had always paid $8 a year in dividends and undoubtedly would continue to pay such dividends, and that in the near future, owing to the good condition of the corporation, the common stock ought to pay a similar dividend. The only further evidence introduced was a judgment in the Superior Court rendered in June, 1916, in favor of the plaintiff and against the defendant upon a verdict of $656.

The auditors' report did not contain a full description of the record in the suit where the judgment was entered. From rulings filed by the judge who heard the case on the auditors' report, the following facts appeared: The writ in that action was dated April 16, 1915; the allegations in the several counts of the declaration were in substance that

the plaintiff and the defendant entered into an oral agreement whereby the plaintiff was to purchase for $20,000 one hundred shares of the second preferred and seventy-seven shares of the common stock of Martin Manufacturing Company and was to be employed by that company for a term beginning May 12, 1913, and ending May 11, 1914, as vice-president and director and in aiding and assisting in the conduct and management of the business, the defendant agreeing to sell the stock and that the corporation would pay cumulative dividends on the second preferred stock at the rate of eight per cent and at the same rate on each and every share of the common stock beginning on or about June 30, 1913; that the plaintiff made the purchase on the terms agreed, entered into the employ of the corporation under a contract in writing as stipulated, and terminated his employment on May 16, 1914, when he " requested and demanded that the defendant repurchase from him the shares of stock and pay him $20,000 as agreed;" that he was ready and willing to perform his agreement and to deliver all his stock to the defendant upon the payment of that sum, and tendered it in court; " that the defendant had not kept his promise in reference to the payment of the dividends on said common stock, in that but one dividend of four per cent on said common stock was paid since said May 12, 1913, to wit, on June 30, 1914; that a further dividend of $4 per share on said common stock, to wit, $308, should have been paid by said corporation on June 30, 1913, and a further dividend of like amount December 31, 1913, and the plaintiff concluded by alleging that the defendant owed him the sum of $21,000." The verdict in that action was in the sum of $656.24, $40.20 of which was specified to be as interest.

The auditors further found that, in the action on trial before them, the plaintiff sought to recover from the defendant dividends accrued on the common stock after the date of the writ in the action, judgment in which he relied on, and dividends accrued on the preferred stock previous to that date. No dividend was declared by Martin Manufacturing Company on or before January 3, 1916, or until after March

23, 1916. On March 23, 1916, the plaintiff sold his stock to one Arthur Adams.

The auditors also found that as to the plaintiff's first specification of recovery there was no contract between the plaintiff and the defendant to the effect that the defendant personally should pay " or guarantee to the plaintiff the payment of dividends on shares of preferred stock of Martin Manufacturing Company. With reference to the plaintiff's second specification of recovery under his declaration, we find that if the judgment in the aforesaid action is *res adjudicata*, which we deem to be a question of law, that the plaintiff is entitled to recover the sum of $308 with interest from October 11, 1916, the date of the writ. If the said judgment is not *res adjudicata*, we find that no agreement was made by the defendant personally to pay or guarantee the payment of any dividends on the common stock of Martin Manufacturing Company, and that the plaintiff is entitled to no recovery in this proceeding."

In the Superior Court the action was heard upon the auditors' report by *McLaughlin*, J., without a jury. The plaintiff asked for the following rulings:

" 1. The judgment in favor of the plaintiff against the defendant, of the Superior Court for Suffolk County rendered in June, 1916, in an action brought to recover a sum equivalent to dividends on the same stock in the Martin Manufacturing Company, and under the same contract, that are before this court in the present case, in *res adjudicata*.

" 2. The rights of the parties under said contract are conclusively settled by the former judgment."

" 5. On the pleadings and the findings of fact in the auditors' report, judgment should be entered for the plaintiff in the sum of $308 with interest from October 11, 1916, the date of the writ."

The judge ruled as to the first specification in the declaration as follows: " If it be inferred from the amount of the verdict [upon which the judgment relied on was founded], that it was for unpaid dividends, it must have been for unpaid dividends on the common stock, because there was no allegation in the original action that there was any failure

to pay dividends on the preferred. It is the dividends on the preferred which the plaintiff seeks to recover in this action under the first specification, and the verdict in the original action is entirely consistent with utter failure to prove a promise to pay dividends on the preferred stock. I am not satisfied upon the evidence that the judgment in the first case is conclusive on the issue raised by the first specification."

As to the second specification, the judge assumed that it was not contended by the plaintiff " that the promise to pay dividends was not limited to the period of the plaintiff's holding," and found that the plaintiff had failed to establish his claim under the second specification.

The finding was for the defendant. The plaintiff alleged exceptions.

*H. V. Cunningham,* for the plaintiff.

*F. P. Garland,* for the defendant.

BRALEY, J. The auditors, whose findings of fact the parties stipulated should be final, report that on May 12, 1913, the plaintiff bought of the Martin Manufacturing Company, of which the defendant was president, one hundred shares of preferred and seventy-seven shares of its common stock. The plaintiff contended, and testified, that as part of the consideration the defendant, through whom the purchase was made, told him he would receive a dividend July 1 on all the stock of $8.00 a share, and that he then said to the defendant he would buy the stock on that understanding, and the defendant replied " he would agree to that for as long as the plaintiff owned the stock." But on conflicting parol evidence the auditors report that the alleged contract had not been proved. The plaintiff however introduced the record of a judgment in his favor recovered against the defendant in an action of contract in June, 1916, in which the declaration covered antecedent dividends on the common stock due June 20, 1913, and December 31, 1913. A transcript of the record, although referred to, is not included in the report, but was put in evidence before the trial court, and is fully described in the judge's findings and rulings which form part of the plaintiff's

exceptions. The plaintiff asserts that the judgment against the defendant in his favor in the former action arose under the same contract, and that his right of recovery in the present action for dividends on the common stock is thereby established.

The record of the original case having been introduced, the plaintiff, on whom the burden of proof rested, was required to show that the matters tried and settled in the first case were the same as the issues in the case at bar before it could be ruled that the judgment was conclusive. *Foye* v. *Patch,* 132 Mass. 105. *Corbett* v. *Craven,* 196 Mass. 319, 322. *Cinamon* v. *St. Louis Rubber Co.* 229 Mass. 33, 37.

The first of the specifications filed in the case at bar on the defendant's motion alleged, that on or about July 3, 1913, a dividend on one hundred shares of " the second preferred stock " of the company was due him, but, having received only $42.22, the defendant owed on these shares $357.78, with the further sum of $308, the equivalent of $4 a share upon seventy-seven shares of the common stock. The judge after a full recital of the proceedings finds, that in the first action the plaintiff alleged two breaches of the contract, namely, the refusal of the defendant to repurchase stock which it was alleged he had agreed to do under a contract not declared on in the present case, and his failure to pay dividends on the common stock. The judge found that, " It does not appear from the record for which of these breaches the jury assessed damages, or whether damages were assessed for both, or whether more than one of these breaches was established. It is entirely consistent with the record that the jury may have found that there was no promise to pay dividends either on the common or on the preferred, but that there was a breach on the defendant's part in failing to repurchase the stock, and that the resulting loss is expressed by the verdict. . . . If it be inferred from the amount of the verdict, that it was for unpaid dividends, it must have been for unpaid dividends on the common stock, because there was no allegation in the original action that there was any failure to pay dividends

on the preferred " stock which the plaintiff now seeks to recover under the first specification.

The second specification sets forth that there was due the plaintiff on or about January 3, 1916, $308, the equivalent of the dividends on seventy-seven shares of the common stock at $4 a share. It is found that the declaration in the first action alleged no more than that the defendant agreed that he would cause the corporation to declare and pay dividends on the common stock at the annual rate of eight per cent beginning June 30, 1913. If it be assumed that the judgment established the fact that such an agreement was made, then the agreement would be satisfied if a dividend at that rate were declared at any time in 1916 but not later than June 30 in that year. " It was, however, alleged in the last paragraph of the declaration in the original case that on June 30, 1914, the defendant caused but one dividend of four per cent on the common stock to be paid and that a further dividend of $4 per share should have been paid June 30, 1913, and a further dividend of like amount on December 31, 1913." If this is to be construed as amounting to an allegation that semi-annual dividends were to be paid at the rate of four per cent on June 30 and December 31, the judge was warranted in finding that no dividends, whether annual or semiannual, would fall due for the year 1916 before June 20, 1916. And the plaintiff, as the auditors state, having sold his stock on March 23, 1916, the defendant's promise under the second specification has expired by limitation. We perceive no error of law in the rulings or refusals to rule and the exceptions must be overruled. *Stone* v. *St. Louis Stamping Co.* 155 Mass. 267, 271. *Cote* v. *New England Navigation Co.* 213 Mass. 177, 182.

*So ordered.*