### RICHARD F. JAMES *vs.* EVA C. JAMES.

Suffolk.    October 7, 1936. — May 24, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Res Judicata.    Marriage and Divorce*, Former adjudication.

The dismissal after full hearing of a libel for divorce on the ground of adultery alleged to have been committed in a specified town on a date unknown barred on the ground of *res judicata* a subsequent libel charging adultery with the same corespondent in the same town on a specified date, although the libellant at the hearing of the later libel relied on evidence of adultery committed a few hours after and at a different place in the town from that shown by the evidence relied on at the hearing of the earlier libel, it appearing that, even assuming that the act of adultery relied on was not the same in both libels, the evidence to support the charge relied on in the later libel was known by and available to the libellant before the hearing of the earlier libel.

LIBEL for divorce, filed in the Probate Court for the county of Suffolk on December 2, 1935.

A motion to dismiss the libel was heard and allowed by *Dolan*, J.  The libellant appealed.

*A. S. Allen*, (*C. S. Williams* with him,) for the libellant.

*J. P. Feeney & M. J. Doyle*, for the libellee, submitted a brief.

RUGG, C.J. This is an appeal from a decree of a probate court allowing the motion of the libellee to dismiss a libel for divorce. The libel was filed on December 2, 1935. As amended, it was therein alleged that the libellee committed adultery at Moultonboro, New Hampshire, with a named man on September 29, 1931, and at divers other unspecified times and places. The answer of the libellee contained a denial of wrongdoing on her part, specification of several grounds of recrimination, including a charge that the libellant had contracted gross and confirmed habits of intoxication, and an averment that all matters alleged in the libel had been adjudicated in a former trial in the same court between the same parties. The libellee also filed a motion to dismiss the libel, assigning as causes (1) that the alleged adultery took place prior to the date of a former libel in the same court by the present libellant against the libellee charging adultery on the same date and at the same place, which was dismissed after a full hearing; (2) that the same charge of adultery was alleged in a former libel in the same court by and between the same parties and after a full hearing was dismissed; (3) that all matters and things set forth in the libel had been adjudicated by a former decree.

"A stenographer was appointed to take the evidence, and the case was heard on statement of counsel and documentary evidence consisting of the record in the present divorce action and the records of former proceedings" between the same parties. The trial judge made a report of material facts found by him in substance as follows: The former libel was filed on September 6, 1934, and after full hearing was dismissed on February 12, 1935. No appeal was taken from that decree. In that libel as amended it was alleged that the libellee at Moultonboro, New Hampshire, and at other places and on dates unknown committed adultery with a person unknown. An answer was filed averring among other matters that the libellant had contracted gross and confirmed habits of intoxication. That case proceeded to trial before the same judge who heard the present libel. The person now alleged to be the co-

respondent was summoned by the libellant as a witness but was not called to testify. The owners of the Moultonboro Inn were called as witnesses by the libellant and testified with relation to the visit of the libellee on September 28, 1931, with two other women and two men, one of whom was the corespondent, at the time when the adultery was alleged to have been committed. Their evidence was taken as to what took place during the stay of these five persons at the Inn at that time. No other witnesses testified touching the alleged adultery except that the libellee gave evidence in her own behalf. In September, 1934, the libellee filed in the same court a petition for separate support against her husband, which at her request was dismissed without prejudice. In that petition, in October, 1934, the libellant filed interrogatories touching the Moultonboro incident to be answered by the libellee. In her answers, which were filed on November 2, 1934, she stated that she had gone to Moultonboro, New Hampshire, on September 28, 1931, and stayed at the Moultonboro Inn until about 11: 30 P.M., where she had dinner, and gave the names and addresses of the two women and two men who accompanied her, among whom was the present corespondent. The trial judge further reports that the "libellant, in the hearing on the present motion to dismiss, offered to prove that while the adultery is alleged to have taken place on the same general occasion and in the same town, the evidence will show that it was committed in the early morning of September 29, 1931, in some place in Moultonboro, N. H., after the persons concerned and their companions left the Inn, but in exactly what dwelling in said Moultonboro, he is unable to specify. The witnesses he expects to prove his case by are the members of the same party which visited the Moultonboro Inn on the occasion in question, of whom Mrs. James was one. . . . It thus appears that more than four months before the hearing and decree denying the former libel, the libellant was in possession of the exact date of Mrs. James' visit and stay in Moultonboro, and of all the names and addresses of those who accompanied her on that visit, and through whom he

now offers to prove an adultery on the part of Mrs. James during said visit, although at the hearing of the formal [former] libel, this evidence was available to him but not offered by him.  The only witnesses called at the trial of that libel to sustain the allegation of adultery, were the owners of the Inn at Moultonboro where the visitors, here referred to, had stayed from about 5 P.M. to 11.30 P.M. on said September 28, 1931."  During the hearing on the present libel, the pleadings in the earlier libel were before the trial judge and counsel.  The trial judge stated that at that earlier hearing he found that the libellant "had acquired gross and confirmed habits of intoxication which was a bar to his libel for divorce."  The trial judge found in conclusion that "there is no evidence now to be offered on the part of the libellant that was not available to him by the exercise of ordinary diligence at the trial of the former libel."  He ruled that the decree dismissing the former libel after full hearing on the merits adjudicated against the libellant every issue raised and decided in the earlier libel and also every issue that could have been raised and decided therein.  As a result, the plea of former adjudication was sustained and a decree was entered allowing the motion of the libellee to dismiss the present libel.

The doctrine of *res judicata* is applicable to libels for divorce as well as to other proceedings.  Therefore, an adjudication on the merits in an earlier libel for divorce is a bar, as to every issue which in fact was or in law might have been litigated therein, to a later proceeding upon the same cause between the same parties.  *Wight* v. *Wight*, 272 Mass. 154, 156.  *Fera* v. *Fera*, 98 Mass. 155.  *Thurston* v. *Thurston*, 99 Mass. 39.  *Lewis* v. *Lewis*, 106 Mass. 309. *Edgerly* v. *Edgerly*, 112 Mass. 53.  It has been held that a husband whose libel for divorce on the ground of desertion has been dismissed because the cause assigned was not proved cannot maintain a subsequent libel on the ground of an adultery which had been committed and was known to him at the time of the first libel.  *Bartlett* v. *Bartlett*, 113 Mass. 312.  The simple dismissal of the earlier libel omitting the words "without prejudice" purports to be a

final judgment barring subsequent proceedings upon the cause of action set out in the libel. *Roach* v. *Roach*, 190 Mass. 253. *Lewis* v. *Lewis*, 106 Mass. 309.

The inference from the facts disclosed on the present record seems irresistible that the instant libel is founded upon the identical act of adultery which was the basis of the first libel. There is now no contention that any act of adultery was committed by the libellee at the Moultonboro Inn on September 28, 1931. The adultery is alleged to have been committed with the same person and at the same place as that on which the earlier libel was founded and tried. The difference in date appears to be not more than the two or three hours between very late in the evening of September 28 and the early morning of September 29, 1931. The facts afford no justification for the deduction as a matter of common sense that the same act of adultery was not charged in each libel. It cannot rightly be said that different causes of action are set out in the two libels. Therefore the doctrine of *res judicata* is applicable. *Newhall* v. *Enterprise Mining Co.* 205 Mass. 585, 588. *Bradley* v. *Bradley*, 160 Mass. 258. *Hanzes* v. *Flavio*, 234 Mass. 320, 329. *Eastman Marble Co.* v. *Vermont Marble Co.* 236 Mass. 138, 149. *Cleaveland* v. *Malden Savings Bank*, 291 Mass. 295, 298.

If, however, it be considered that the two libels set out separate and independent acts, no different conclusion would be reached. The contention of the libellant is that since the act relied upon in the present libel was not known to him at the time of filing the first libel, the decree in that case is not a bar to the present proceeding. The argument in support of that contention assumes that no diligence in investigation of facts is required and that, if the act alleged in the present libel was unknown to the libellant at the time of the first libel, the decree in that case is no bar. The decision in *Morrison* v. *Morrison*, 142 Mass. 361, affords no support to this contention of the libellant. In that case it was alleged in the earlier libel that adultery was committed on divers dates between February 21 and August 21, 1882, with one person. That libel was dismissed. It

was alleged in the second libel that adultery was committed
on prior dates with another person. It appeared that these
facts were unknown to the libellant at the time of filing
the first libel. It was held that this was not an absolute
bar to the second libel. It did not appear that there was
any connection between the acts of adultery with the two
different persons at different times. They were quite dis-
connected events or series of events. No circumstances
were disclosed whereby the facts alleged in the first libel
would lead to knowledge of those charged in the second
libel. No point was raised as to diligence of investigation.
That case is distinguishable from the case at bar. In
*Wagoner* v. *Wagoner*, 76 Md. 311, 315, in similar circum-
stances it was held that the first proceeding was a bar to
the second because the complainant did not allege or show
that she made any efforts to ascertain the facts set forth
in the second bill which were therein alleged to have come
to pass before the filing of the earlier proceeding. It was
said of the complainant that it was " her duty to have
secured the information on which she based her second
bill . . . if it could have been obtained by the exercise of
diligence and the use of such means as are usually resorted
to by prudent persons to obtain such information." *Vance*
v. *Vance*, 17 Maine, 203, 204. This principle is applicable
to the case at bar on the assumption that the two libels set
out different acts of adultery, and shows that there was no
error on the part of the trial judge. The evidence now
proffered by the libellant was available to him at the first
trial provided ordinary diligence had been exercised. It
was admissible upon the issues raised in that libel and, if
believed, would have been decisive in favor of the libellant.
The finding of the judge on this point was supported by
the evidence. The libellant in the case at bar a short time
after filing and before the hearing on the first libel knew
the names and addresses of the witnesses by whom he now
expects to prove his case. At the same time or earlier he
knew of the trip to Moultonboro by the libellee. It does
not appear that he made any efforts to procure evidence
from these witnesses. He now states that they were hostile

to him and friendly to the libellee. It cannot be presumed that, if they had been called as witnesses at the trial on the first libel, they would not have told the truth or that they would have perjured themselves. The case at bar is distinguishable from *Watts* v. *Watts*, 160 Mass. 464, where the issue of adultery was not raised by the pleadings nor necessarily involved in the earlier petition for separate support and maintenance. For the same reason the case at bar is distinguishable from *Harrington* v. *Harrington*, 189 Mass. 281. See *Lyster* v. *Lyster*, 111 Mass. 327, 330.

That the libellant is barred on this aspect of the case may be supported by *Bartlett* v. *Bartlett*, 113 Mass. 312.

It is not necessary to discuss further the doctrine of *res judicata* in its application to the facts, nor to review other decisions cited by the libellant.

In view of the grounds on which this decision rests, there is no occasion to deal with the further contention of the libellee that the libellant is barred on the ground that he was found at the earlier trial to have acquired gross and confirmed habits of intoxication, which was pleaded by way of recrimination.

*Order allowing motion to dismiss libel affirmed.*