ROBERT C. COCHRANE *vs.* LOUISE C. COCHRANE.

Norfolk.    May 4, 5, 1939. — June 30, 1939.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Res Judicata. Marriage and Divorce*, Motion to dismiss, Plea, Separate
maintenance, Cruel and abusive treatment, Conduct of libellant.
*Evidence*, Presumptions and burden of proof.  *Probate Court*, Divorce
proceedings, Separate maintenance.

A motion to dismiss a libel for divorce on the ground of *res judicata*
was improper because it was not based upon matter appearing on the
record, but, since it set out a single fact which, if established, would
defeat the libel, it was treated by this court as a plea in bar in accord-
ance with its true nature.

A decree of a probate court granting a petition by a wife for separate
maintenance was improperly found to be a bar to a libel for divorce
later filed by the husband on the grounds of cruel and abusive treat-
ment by the wife occurring before the filing of her petition, where
the wife's petition, while averring that she was living apart for justi-
fiable cause, contained no specification and it did not appear what
evidence was before the judge when he granted the petition or what
was the justifiable cause upon which the decree was based.

It was error for a judge of probate, in passing upon the question, whether
a decree on a petition of a wife for separate maintenance barred on
the ground of *res judicata* a libel for divorce later brought by the
husband, to proceed upon the theory that the burden was on the hus-
band to prove that there was no such bar.

A statement by a husband in a libel for divorce that he had been faith-
ful to his marriage vows and obligations was not proved false merely
by a decree, entered on a petition by the wife for separate main-
tenance, that she was living apart from him for justifiable cause
without a statement of what was the justifiable cause, since such a
petition might be maintained without proof of breach of the hus-
band's marriage vows or obligations.

LIBEL for divorce, filed in the Probate Court for the
county of Norfolk on July 8, 1938.

Hearings were by *McCoole*, J.

*A. A. Tepper*, for the libellant.

*E. J. Flavin*, (*I. Cohen* with him,) for the libellee.

Cox, J.   The libel for divorce in this case, which was
filed on July 8, 1938, alleged that the libellant had always

been faithful to his marriage vows, but that the libellee, on or about January 10, 1931, and on other occasions, had been guilty of cruel and abusive treatment toward the libellant. It also alleged that a "petition for separate support between said parties to this libel was filed in the Probate Court . . . by the libellee . . . ." The libellee filed a motion to dismiss the libel, in which she alleged that the decree of the Probate Court on her petition for separate maintenance, entered on February 6, 1934, that she was living apart from her husband for justifiable cause, was still in effect and constituted a bar to the libel for divorce for the cause of cruel and abusive treatment; that the acts of cruelty alleged in the libel took place before the entry of said decree; that by reason thereof the libellant was foreclosed from alleging that he had been faithful to his marriage vows; and that said decree required a finding that she had been faithful to her marriage vows and that the libellant had been guilty of such conduct as warranted a finding that he had not been faithful to his. At the hearing upon this motion the libellee offered in evidence copies of her petition for separate support, the decree, and docket entries in that proceeding. No other evidence was presented. In the course of the arguments at the hearing upon the motion, counsel for the libellant stated that at the hearing on the separate support petition no evidence was taken. Counsel for the libellee replied that he was not in a position to accept this statement, whereupon the judge said: "I can say that either there was evidence taken or else both sides were represented by counsel and agreed to a decree." A "commissioner" was appointed to take the testimony under G. L. (Ter. Ed.) c. "215, § 18, and § 12," all of which is reported. The judge filed a report of material facts and a decree was entered allowing the motion to dismiss and dismissing the libel. The libellant appealed.

A motion to dismiss may be proper in a divorce proceeding. Rule 37 of the Probate Court. Rule 25 of the Superior Court (1932). But a motion to dismiss must be based upon matter appearing on the record. *Brotkin* v. *Feinberg*, 265 Mass. 295, 298. See *Schmidt* v. *Schmidt*, 280

Mass. 216.   The allegations in the libel in the case at bar as to the petition for separate support are not sufficient to show that the issue raised by the libel is barred under the doctrine of *res judicata*.   It follows that the motion to dismiss was an improper pleading, but it set out a single fact or point which, if established, will defeat the libel.   *Res judicata* as a defence is properly the subject of a plea in bar which, although abolished in actions at law, *Gallo* v. *Foley*, 299 Mass. 1, 5, is recognized in equity and divorce practice. *Edgerly* v. *Edgerly*, 112 Mass. 53.   *Whitney* v. *Whitney*, 299 Mass. 547, 550, and cases cited.   The so called motion to dismiss, therefore, is treated as a plea in bar in accordance with its true nature.   *Gallo* v. *Foley*, 299 Mass. 1, 4, and cases cited.   *Charles I. Hosmer, Inc.* v. *Commonwealth*, 302 Mass. 495, 498.   *Johnson* v. *Johnson, ante,* 204.

The decree dismissing the libel recited that, "It appearing to the court . . . that a decree . . . was entered on February 6, 1934, adjudging that the libellee herein was actually living apart from the libellant herein for justifiable cause and . . . that the said decree is still in full force and effect; that the parties have never lived together since the entry of said decree; and that the cause of divorce alleged by the libellant occurred prior to the entry of said decree. The within motion is therefore allowed, and it is decreed that the libel for divorce be dismissed."   In the report of material facts the judge stated that at the hearing on the so called motion no evidence was offered by the libellant with respect "to the matters that were before me or the evidence that was considered by the court at the hearing upon the separate support petition . . . nor was any evidence herein offered tending to show that no evidence was offered or statement made that the matter of cruel and abusive treatment was not considered or at least not before the court in the separate support hearing."   The report concludes: "In the absence of proof or evidence from which a contrary finding would be warranted I find that it did not appear that the question of cruel and abusive treatment was not before the court or not considered by me in entering the decree in the separate support proceedings

and in the face of alleged acts of cruel and abusive treatment long antedating the decree of Feb. 6, 1934, I allowed the libellee's motion to dismiss and dismissed the libel for divorce."

In respect to subjects of which the Probate Court has jurisdiction, and upon parties brought within its jurisdiction, a decree of that court, like a judgment in other courts, is conclusive. "The decree introduced at the trial, being between the same parties as those in the present action, is binding and conclusive upon them in this suit in regard to all matters shown to have been put in issue or to have been necessarily involved in the former suit, and actually tried and determined in it. In regard to matters not then in controversy and not heard and determined, although it is conclusive so far as the final disposition of that cause of action is concerned, it is not conclusive to prevent a determination of them according to the truth if they are subsequently controverted in a different case." *Watts* v. *Watts*, 160 Mass. 464, 465. An adjudication on the merits in an earlier action is a bar, as to every issue that in fact was or in law might have been litigated therein, to a later proceeding upon the same cause between the same parties. *James* v. *James*, 297 Mass. 254, 256, and cases cited. But where the later proceeding, although between the same parties, is for a different cause of action, only those facts are concluded which were necessarily involved in the prior adjudication or under appropriate pleadings were actually passed upon. *Sandler* v. *Silk*, 292 Mass. 493, 498. *Watson* v. *Berman*, 302 Mass. 305. In order, therefore, to determine the effect of the decree in a separate support proceeding it is necessary to consider what was then brought in issue between the parties.

It is settled that ill treatment or misconduct of the husband of such a degree or under such circumstances as not to amount to cruelty for which the wife would be entitled to sue for a divorce may yet justify her in leaving his house and prevent his obtaining a divorce on the ground of desertion if she does. *Lyster* v. *Lyster*, 111 Mass. 327, 330, and cases cited. *Watts* v. *Watts*, 160 Mass. 464. *Turner* v.

*Turner*, 234 Mass. 37, 40.  *Goldberg* v. *Goldberg*, 237 Mass. 279.  *Murray* v. *Murray*, 255 Mass. 19, 21.  *Burke* v. *Burke*, 270 Mass. 449, 454.  *Bradford* v. *Bradford*, 296 Mass. 187, 189.  It follows that a decree on a petition for separate support may be granted for causes different from those required to support a decree of divorce, and, this being so, where a decree in the former proceeding is pleaded as a bar to a libel for divorce, the question is not what might have been put in issue, but rather what facts were necessarily involved or under appropriate pleadings were actually passed upon.  There is no finding as to what the justifiable cause was on which the decree of February 6, 1934, was founded.  That cause was relevant and important to the issues here raised and was a proper subject for a finding of fact.  *Slavinsky* v. *Slavinsky*, 287 Mass. 28, 33.  The cause for which the decree was granted may have been one of two or more, and in such a case, where there is nothing to show which ground in fact was the basis of the decree, the decree is not conclusive upon the parties as to any of the grounds in another proceeding for a different cause.  *Lea* v. *Lea*, 99 Mass. 493, 496.  *Burlen* v. *Shannon*, 99 Mass. 200, 206, 207.  *Watts* v. *Watts*, 160 Mass. 464, 466, 469.

The libellee contends that inasmuch as the alleged acts of cruel and abusive treatment occurred before the decree in the separate support proceeding, the libellant had the opportunity to answer the petition by setting out the alleged acts upon which he now bases his libel for divorce, and that inasmuch as there is nothing to show that he did not at that time put her conduct in issue, he is barred from relying upon it in his libel for divorce.  It is to be noted that there are no specifications in the petition for separate support, and that no date whatever is assigned to the allegations of failure to support or of desertion.  For all that appears, the acts upon which the libellee in her petition for separate support relied may have been committed prior to the time of the acts alleged in the libel.  Compare *Slavinsky* v. *Slavinsky*, 287 Mass. 28, 30, 31.  There is nothing in the record from which it can be determined whether the libellant did, in fact, present as a defence the alleged con-

duct of the libellee upon which he now relies in his libel. Moreover, the report of material facts discloses an entire absence of evidence, one way or the other, at the hearing on the motion, as "to the matters that were before . . . [the court] . . . at the hearing upon the separate support petition . . . ." This is borne out by the record. We think it follows that the decision in the separate support proceeding did not necessarily involve a finding that the libellee was not guilty of cruel and abusive treatment, or that that issue was actually tried. *Watts* v. *Watts*, 160 Mass. 464, 467, 469. *Krasnow* v. *Krasnow*, 280 Mass. 252, 255.

Where *res judicata* is pleaded the burden of proof of establishing it is upon the party who relies upon it. *Butler* v. *Martin*, 247 Mass. 112, 118. *Sandler* v. *Silk*, 292 Mass. 493, 498. *Watson* v. *Berman*, 302 Mass. 305, 307. From the report of material facts it is apparent that the judge of probate proceeded upon the theory that the burden was upon the libellant to show that the question of the libellee's cruel and abusive treatment was not adjudicated in the separate support proceeding. This was error.

The libellee further contends that the libellant is barred from maintaining this libel for the reason that the language of the decree in the separate support proceeding, to the effect that she is living apart for justifiable cause, requires the conclusion that he cannot truthfully assert in his libel that he has always been faithful to his marriage vows and obligations. The cause that may justify a wife in living apart from her husband may be a lesser marital offence than one required to warrant a divorce or to constitute a defence to a libel for divorce. *Cushman* v. *Cushman*, 194 Mass. 38, 39. *Bradford* v. *Bradford*, 296 Mass. 187, 189, and cases cited. In the absence of evidence it cannot be assumed that the cause was one sufficient to be a defence by way of recrimination to a libel for divorce, or that it was of such a character as to preclude the libellant from maintaining his libel upon its allegations. *Watts* v. *Watts*, 160 Mass. 464, 465. Compare *Newman* v. *Newman*, 211 Mass. 508.

The case at bar is distinguishable from the cases of

*Edgerly* v. *Edgerly*, 112 Mass. 53, *Miller* v. *Miller*, 150 Mass. 111, *Harrington* v. *Harrington*, 189 Mass. 281, *Austin* v. *Austin*, 233 Mass. 528, and *Slavinsky* v. *Slavinsky*, 287 Mass. 28, relied upon by the libellee, in that, in each case, the ground urged as the cause for divorce was either directly in issue or necessarily involved in the determination of a prior proceeding between the parties, except in the *Harrington* case in which, however, the principle was recognized.

It follows that the decree allowing the motion and dismissing the libel was error and is reversed.

*Ordered accordingly.*